[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-14329
Non-Argument Calendar

_____

D.C. Docket No. 6:13-cr-00258-GAP-TBS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONE T. ADAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 12, 2016)

Before TJOFLAT, ROSENBAUM, Circuit Judges, and RESTANI,[*] Judge.

_____

[*] Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

PER CURIAM:

Antone T. Adams was sentenced to 180 months in prison, the mandatory minimum sentence required by the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), after pleading guilty to possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced Adams under the ACCA after finding that he had three prior convictions, two of which—third-degree fleeing or attempting to elude, in violation of Fla. Stat. § 316.1935[1]—qualified as violent felonies under the residual clause of the ACCA.  Adams objected, arguing that the residual clause was unconstitutionally vague.  The district court overruled that objection and sentenced him as a career criminal based on the two convictions for fleeing or attempting to elude and another uncontested prior conviction.[2]

Adams appeals his sentence, raising again his argument that the residual clause of the ACCA is unconstitutionally vague and arguing that the district court erred in applying a sentencing enhancement under the ACCA.  While Adams's

---

[1] One conviction for fleeing or attempting to elude was under subsection (1), fleeing or attempting to elude, and the other was under subsection (2), fleeing or attempting to elude (sirens and lights activated), of Fla. Stat. § 316.1935.

[2] At the sentencing hearing, the government disavowed reliance on a fourth conviction to form the basis of the ACCA enhancement.  Having expressly disavowed reliance on that offense, the government waived its opportunity to offer evidence and seek a ruling on the fourth conviction's status as an ACCA-qualifying offense. *United States v. Canty*, 570 F.3d 1251, 1257 (11th Cir. 2009) ("The Government is entitled to an opportunity to offer evidence and seek rulings from the sentencing court in support of an enhanced sentence. But, the Government is entitled to only one such opportunity, and it had that opportunity at the sentencing hearing.").

2

appeal was pending, the Supreme Court invalidated the residual clause of the ACCA as unconstitutionally vague in *Johnson v. United States*, 576 U.S.___, 135 S. Ct. 2551, 2557-58 (2015). The government concedes that the residual clause of the ACCA is unconstitutional under *Johnson*.

After *Johnson*, Adams's convictions for fleeing or attempting to elude, under Fla. Stat. § 316.1935, can serve as predicate offenses only if they qualify as violent felonies under a different ACCA provision. But Fla. Stat. § 316.1935(1) and (2) do not have "as an element the use, attempted use, or threatened use of physical force against the person of another," are not "burglary, arson, or extortion," and do not involve the "use of explosives."[3] 18 U.S.C. § 924(e)(2)(B)(i)-(ii). And the government concedes that after *Johnson*, Adams's convictions for fleeing or attempting to elude, under Fla. Stat. § 316.1935, are no

---

[3] Fla. Stat. § 316.1935(1) and (2) provide as follows:

(1)    It is unlawful for the operator of any vehicle, having knowledge that he or she has been ordered to stop such vehicle by a duly authorized law enforcement officer, willfully to refuse or fail to stop the vehicle in compliance with such order or, having stopped in knowing compliance with such order, willfully to flee in an attempt to elude the officer, and a person who violates this subsection commits a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084.

(2)    Any person who willfully flees or attempts to elude a law enforcement officer in an authorized law enforcement patrol vehicle, with agency insignia and other jurisdictional markings prominently displayed on the vehicle, with siren and lights activated commits a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084.

longer ACCA-qualifying offenses and cannot form the basis for a sentencing enhancement under the ACCA.  We agree.

We therefore conclude that the district court erred in sentencing Adams, based on his previous convictions for fleeing or attempting to elude, under the now-unconstitutional residual clause of the ACCA.  He must be resentenced.

**VACATED AND REMANDED.**[4]

---

[4] This case was originally scheduled for oral argument but was removed from the oral argument calendar by unanimous agreement of the panel under 11th Cir. R. 34-3(f).