[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14896
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-20405-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH SYMINGTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 10, 2017)

Before MARTIN, ANDERSON, and DUBINA, Circuit Judges.

PER CURIAM:

This is the second time we have considered an appeal of this case. In the

first appeal, we held that the district court abused its discretion in denying Joseph

Symington's motion to withdraw his guilty plea.  We vacated Symington's conviction and sentence and remanded the case to the district court with directions that Symington be permitted to withdraw his guilty plea.  *United States v. Symington*, 781 F.3d 1308, 1314 (11th Cir. 2015).  Symington now appeals his subsequent 105-month sentence, imposed at the high end of the advisory guideline range, after he pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g).  Symington argues that the district court erred in setting his base offense level pursuant to U.S.S.G. § 2K2.1(a)(2) because his prior convictions for the Florida offense of fleeing and eluding no longer qualify as a violent felony under the Armed Career Criminal Act ("ACCA").  Symington also argues that his 105-month sentence was substantively unreasonable in light of the 18 U.S.C. § 3553(a) factors.

A.  *Crime of Violence*

We review de novo whether a prior conviction qualifies as a crime of violence under the sentencing guidelines.  *United States v. Romo-Villalobos*, 674 F.3d 1246, 1247 (11th Cir. 2012).  Section 2K2.1(a)(2) of the Sentencing Guidelines sets a higher base offense level for the offense of being a felon in possession of a firearm if the defendant has sustained at least two prior felony convictions for crimes of violence.  U.S.S.G. § 2K2.1(a)(2).  The career offender guidelines define a "crime of violence" as any felony that (1) "has as an element

2

the use, attempted use, or threatened use of physical force" (the elements clause);
(2) "is burglary of a dwelling, arson, or extortion, involves use of explosives" (the enumerated offenses clause); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause). *Id.* § 4B1.2(a)(1)–(2). Under our precedent, the Florida offense of fleeing and eluding qualifies as a crime of violence under the residual clause of the career offender guidelines. *E.g., United States v. Orisnord*, 483 F.3d 1169, 1183 (11th Cir. 2007).

The Armed Career Criminal Act ("ACCA") provides enhanced penalties when certain offenses are committed by defendants who have previous convictions for "violent felonies." 18 U.S.C. § 924(e)(1). The ACCA definition for violent felony is almost identical to the definition of "crime of violence," including its residual clause. *See id*. § 924(e)(2)(B)(i)–(ii). Accordingly, "determining whether a crime constitutes a 'violent felony' under the ACCA involves an inquiry strikingly similar to that in determining whether a conviction is a 'crime of violence' under U.S.S.G. § 4B1.1(a)." *United States v. Harris*, 586 F.3d 1283, 1285 (11th Cir. 2009). Generally, "decisions about one apply to the other." *Gilbert v. United States*, 640 F.3d 1293, 1309 n.16 (11th Cir. 2011) (en banc). In the instant case, however, Symington raises a challenge to his sentence based on the Supreme Court's decision in *Johnson*, which is inapplicable to the residual clause of the career offender guidelines.

In *Johnson v. United States*, the Supreme Court invalidated the residual clause of the ACCA as unconstitutionally vague. *Johnson v. United States*, 576 U.S. ___, ___, 135 S. Ct. 2551, 2562–63 (2015). *Johnson*'s invalidation of the residual clause removed several offenses, including the Florida offense of fleeing and eluding, from qualifying as an ACCA predicate offense. *See United States v. Adams*, 815 F.3d 1291, 1292–93 (11th Cir. 2016) (per curiam). *Johnson*, however, only applies to a "statute defining elements of crimes . . . [and] fixing sentences." *Johnson*, 576 U.S. at ___, 135 S. Ct. at 2556–57. As the advisory sentencing guidelines do neither, the vagueness doctrine is inapplicable to the career offender guidelines residual clause under U.S.S.G. § 4B1.2(a)(2). *United States v. Matchett*, 802 F.3d 1185, 1194–96 (11th Cir. 2015).

After reviewing the record, we conclude that the district court did not err in setting Symington's base offense level pursuant to U.S.S.G. § 2K2.1 because, under our binding precedent, the Florida offense of fleeing and eluding qualifies as a crime of violence under the residual clause of the career offender guideline. *Orisnord*, 483 F.3d at 1183. As advisory guidelines are not subject to vagueness challenges, our conclusion in *Adams* that the Florida offense of fleeing and eluding is no longer an ACCA-qualifying offense under *Johnson* does not affect our conclusion that fleeing and eluding remains a of crime of violence under the career offender guideline. *See Matchett*, 802 F.3d at 1194–96.

4

We also note that on January 27, 2016, the U.S. Sentencing Commission submitted a proposed amendment to the career offender guideline that removes the residual clause and replaces it with specific enumerated offenses. *See* Notice of Submission to Congress of Amendment to the Sentencing Guidelines Effective August 1, 2016, 81 Fed. Reg. 4741 (Jan. 27, 2016). Amendments to the Sentencing Guidelines that are clarifying, as opposed to substantive, are applicable retroactively and "should be considered on appeal regardless of the date of sentencing." *United States v. Jerchower*, 631 F.3d 1181, 1185 (11th Cir. 2011) (internal quotation marks omitted). However, we do not consider proposed amendments until they become effective, as they are still subject to Congressional modification or disapproval. *See* 28 U.S.C. § 994(p). Accordingly, we need not determine whether the proposed amendment is retroactive because the proposed amendment has yet to become effective.

## B. Substantive Unreasonableness

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010) (internal quotation marks omitted). And "[a]lthough we do not

automatically presume that a sentence within the guidelines range is reasonable, we 'ordinarily . . . expect a sentence within the Guidelines range to be reasonable.'" *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (alteration in original) (quoting *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005)). We consider "whether a sentence is substantively unreasonable under the totality of the circumstances and in light of the 18 U.S.C. § 3553(a) factors." *United States v. Johnson*, 803 F.3d 610, 618 (11th Cir. 2015) (citations omitted). A sentence will be vacated for substantive unreasonableness if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (internal quotation marks omitted).

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public. 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the

need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id*. § 3553(a)(1), (3)–(7).

We conclude from the record that Symington's 105-month sentence is substantively reasonable.  Symington had an extensive criminal history, with 15 adult criminal convictions.  Symington's other convictions were for offenses similar to the predicate offenses of battery and fleeing and eluding including leaving the scene of a crash involving death after fatally striking a man with his truck; battery; fleeing and attempting to elude while driving 81-miles-per-hour in a 30-mile-per-hour zone; and possession of a firearm.  Symington repeatedly violated his probation.  As the district court noted, such conduct demonstrates Symington's unwillingness to cooperate with the law and a pattern of dangerous conduct.

Based on the foregoing, we conclude that the district court did not abuse its discretion and properly considered the § 3553 factors.  Accordingly, we affirm Symington's sentence.

**AFFIRMED.**

7