[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10045
Non-Argument Calendar

_____

D. C. Docket No. 06-00165-CR-ORL-31DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAVIS LEVAR GRAY,
a.k.a. Chiz, etc.

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 8, 2008)**

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Pavis Levar Gray appeals his 188-month sentence imposed after he pled guilty to conspiracy to possess with the intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(iii), possession with the intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii) and 18 U.S.C. § 2, being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), (e)(1), and possession with the intent to distribute and distribution of 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). Gray asserts his sentence was procedurally unreasonable because the district court erroneously concluded it could not consider his arguments concerning alleged inappropriate Government conduct and sentence manipulation, which he argues related to the nature and circumstances of his offense.

We review the final sentence imposed by the district court for reasonableness. *United States v. Booker*, 125 S. Ct. 738, 767 (2005). Specifically, the district court must impose a sentence that is both procedurally and substantively reasonable. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Sentencing Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a

2

sentence based on clearly erroneous facts, or fails to explain adequately the chosen sentence. *Gall*, 128 S. Ct. at 597. After an appellate court has determined the sentence is procedurally sound, *Gall* directs that the appellate court review the substantive reasonableness of a sentence under an abuse-of-discretion standard. *Id.* The review for substantive reasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question. *Id.* at 597-600.

In its consideration of the § 3553(a) factors, the district court does not need to discuss or state each factor explicitly. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). However, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007). We defer to the judgment of the district court in the weight given to the § 3553(a) factors unless the district court has made "a clear error of judgment" and has imposed "a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. McBride*, 511 F.3d 1293, 1297-98 (11th Cir. 2007) (quotations omitted).

Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in

paragraph (2) of this subsection," namely to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. *See* 18 U.S.C. § 3553(a)(2). The sentencing court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the Guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentence disparities, and the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a)(1), (3)-(7). We ordinarily expect a sentence within the Guidelines range to be reasonable, and the appellant has the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

Sentencing factor manipulation focuses on government conduct and invites us to consider "whether the manipulation inherent in a sting operation, even if insufficiently oppressive to support an entrapment defense, or due process claim, must sometimes be filtered out of the sentencing calculus." *United States v. Sanchez*, 138 F.3d 1410, 1414 (11th Cir. 1998) (quotations and alterations

omitted). "Such a claim points to the opportunities that the sentencing guidelines pose for prosecutors to gerrymander the district court's sentencing options and thus, defendant's sentences." *Id.* (quotation omitted). We have "considered sentencing manipulation as a viable defense," but we have not decided explicitly whether the doctrine is viable. *See United States v. Ciszkowski*, 492 F.3d 1264, 1270 (11th Cir. 2007).

Gray cannot show the district court imposed a procedurally unreasonable sentence. Gray does not contest the district court's calculation of his Guidelines range, treatment of the range as advisory, or explanation of the chosen sentence. *See Gall*, 128 S. Ct. at 597. He asserts the court failed to consider the statutory factors appropriately because it did not consider his arguments regarding the alleged improper Government conduct or sentence manipulation as bearing on the nature and circumstances of the offense, as he argues the court was required to do under 18 U.S.C. § 3553(a). The record shows the court heard the arguments Gray offered in mitigation, considered all the statutory factors, and concluded Gray did not offer any mitigating circumstances justifying a sentence below the Guidelines range. Even assuming this Court recognizes sentence factor manipulation as a valid defense or mitigating consideration, Gray cannot show that the court failed to consider the statutory factors appropriately. *See Gall*, 128 S. Ct. at 597.

To the extent the district judge indicated he could not consider Gray's arguments, the record shows the judge understood that he could not consider the arguments only to the extent Gray was challenging the Congressional policy behind the mandatory minimum sentences. The district court correctly recognized it was bound by the statutory minimums. *See Ciszkowski*, 492 F.3d at 1270 ("Even after *Booker*, the district court is bound by the statutory mandatory minimums.").

While this Court has recognized that "[c]onceptually," a finding of sentencing factor manipulation could result in the application of a different statutory minimum in circumstances where the manipulated factor that triggered the mandatory minimum would be filtered out of the sentencing calculation, *id.*, Gray does not argue the alleged sentencing manipulation should result in the application of a different statutory minimum, but merely that the court should have considered the alleged sentencing manipulation as part of the nature and circumstances of his offense under § 3553(a)(1). Additionally, the doctrine is inapplicable to Gray because he pled guilty to Count Four, which provided for a 15-year statutory minimum, such that he could not challenge the application of the mandatory minimum without challenging the conviction itself. 18 U.S.C. § 924(e)(1). Accordingly, the court did not err in determining it could not consider his sentencing manipulation arguments to the extent they related to a request to

6

disregard the statutory mandatory minimum penalties for his offense. *See Ciszkowski*, 492 F.3d at 1270 ("Even though sentencing factor manipulation by the government may occur during the course of an investigation, a district court still cannot disregard a mandatory minimum, because Congress has only authorized departures from statutory mandatory minimums in limited circumstances.").

To the extent Gray's sentence-manipulation arguments related to the nature and circumstances of the offense, there is no indication in the record the court felt it could not consider Gray's arguments as mitigating factors. The judge stated, "Here, other than the harsh mandatory minimum that's self-imposed by Congress, I really don't see any mitigating circumstances" and "I really don't see any mitigation here that would compel me or convince me to impose a sentence below the Guidelines." Both statements indicate the court considered the arguments Gray offered in mitigation but did not find them persuasive. Therefore, Gray has not shown the court failed to consider appropriately the § 3553(a) factors or imposed a procedurally unreasonable sentence.

To the extent Gray asserts his sentence is substantively unreasonable, his argument fails. The court imposed a sentence at the lowest point in Gray's Guidelines range, after indicating it was concerned with Gray's long criminal history. Given that Gray had been convicted of multiple crimes, many of which

involved the use of violence, the court could properly conclude a sentence within Gray's Guidelines range was necessary given his history and characteristics and the need for the sentence to afford adequate deterrence, to promote respect for the law, and to protect the public from further crimes of Gray. 18 U.S.C. § 3553(a)(1), (2)(A)-(C). Although Gray would have put more weight on the Government's allegedly inappropriate conduct in the determination of his sentence, the court was permitted to place more weight on certain factors than on others. *See McBride*, 511 F.3d at 1297-98. Therefore, Gray cannot show his sentence, at the lowest point in the Guidelines range and supported by the statutory factors, was unreasonable. *See Gall*, 128 S. Ct. at 597. Accordingly, we affirm Gray's sentence.

**AFFIRMED.**