[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12770
Non-Argument Calendar
_____

D.C. Docket Nos. 6:16-cv-01167-GAP-GJK,
6:06-cr-00165-GAP-DCI-2


PAVIS LEVAR GRAY,

                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 5, 2019)

Before MARCUS, FAY and HULL, Circuit Judges.

PER CURIAM:

Pavis Levar Gray, a federal prisoner, appeals the district court's denial of his

28 U.S.C. § 2255 motion to vacate, in which he challenged an Armed Career

Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), enhancement to his total sentence based on being sentenced under the now-unconstitutional residual clause in 18 U.S.C. § 924(e). We affirm.

## I. BACKGROUND

Gray pled guilty to conspiracy to possess with intent to distribute five grams or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B)(iii), 846 (count one); possession with intent to distribute five grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii) and 18 U.S.C. § 2 (count two); possession of a firearm and ammunition by a convicted felon,[1] in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e)(1) (count three); and possession with intent to distribute five grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii) (count four).

The presentence investigation report ("PSI") noted that Gray's ACCA charge was based on "numerous felonies" but did not specify which ones were considered. In determining the total offense level, the PSI applied the career offender enhancement using Gray's three convictions for battery on a detention center staff member, as well as single convictions for aggravated fleeing and

---

[1] In the indictment, the government asserted that Gray was a felon in possession of a firearm based on prior convictions in five Florida state criminal cases: three convictions for battery upon a staff member of a detention center or facility, convictions for possessing cocaine and resisting an officer with violence, and a conviction for aggravated fleeing and eluding.

eluding, possession of cannabis with intent to sell, and sale of cocaine. The PSI described Gray's criminal history and noted his other convictions, including a 1999 conviction for "Resisting Arrest Without Violence," in addition to the previously noted convictions. In paragraph 56, the PSI indicated that Gray was convicted of "Possession of Cannabis With Intent to Sell" and "Possession of Less Than 20 Grams of Cannabis"; he was sentenced to 10 years of imprisonment and 185 days of imprisonment, respectively. The PSI listed the offense's state court case number and the narrative indicated that "[c]ocaine and marijuana were found inside the vehicle." The PSI determined that Gray's total offense level was 31, his criminal history category was VI, and his guideline range was 188-235 months of imprisonment, with a statutory minimum sentence of 15 years of imprisonment.

At sentencing, Gray did not object to the PSI's "factual content," nor did he object when the district court asked him if he objected to "the criminal history points as they're reflected in the [PSI]" or the career offender enhancement under the Guidelines. The government clarified that the PSI had a typographical error indicating that Gray was convicted of resisting arrest *without* violence when he actually was convicted of resisting arrest *with* violence. The government did not object to paragraph 56.

The court corrected the PSI, as requested, and Gray did not object. He also did not object when the government introduced certified copies of his three

convictions for battery of a detention center officer and his single convictions for resisting arrest with violence and aggravated fleeing and eluding. The district court then sentenced him to a total of 188 months of imprisonment followed by 4 years of supervised release. Gray appealed, raising an issue not relevant to the present appeal; we affirmed. *United States v. Gray*, 284 F. App'x 775 (11th Cir. 2008).

In 2015, the Supreme Court held that the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). This prompted Gray to file the instant 28 U.S.C. § 2255 motion in 2016. Gray argued that his ACCA-enhanced sentence for count four was unconstitutional because, without the residual clause, he did not have three qualifying convictions. He argued that the government, at his 2007 sentencing, waived reliance on his conviction for cocaine possession with intent to sell because the PSI mistakenly labeled it as a cannabis conviction, which the government "could not and did not rely on . . . as an ACCA predicate at sentencing given the [PSI] error." He argued that the government's failure to state its reliance on prior convictions as ACCA predicates effectively waived the issue.

The district court noted that neither the parties nor the PSI identified which convictions were used for the ACCA enhancement at sentencing in 2007. It then determined that Gray's convictions for resisting arrest with violence and selling

4

cocaine were both ACCA-predicate offenses. Additionally, it determined that the government did not waive reliance on the mislabeled conviction because the government did not explicitly disavow reliance on any convictions, there was no discussion of the ACCA at sentencing, and Gray did not object to the government's use of his prior convictions or application of the ACCA. Citing *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017), the court concluded that Gray was not entitled to resentencing because he still had three qualifying convictions for the ACCA enhancement, and nothing indicated that his count four sentence was based solely on the residual clause. Thus, the court denied his motion.

Gray appealed, and a member of this Court granted him a certificate of appealability on the issue of "whether the government waived reliance on Mr. Gray's possession with intent to distribute cannabis conviction as an ACCA predicate." We stayed Gray's appeal pending issuance of a decision in *Tribue v. United States*, 929 F.3d 1326 (11th Cir. 2019); however, *Tribue* has since been decided.

On appeal, Gray argues that the government waived the ability to correct and rely on one of his prior convictions as an ACCA predicate offense because it was mislabeled as a non-qualifying offense in his PSI and the government did not object to and correct the error despite doing so for a different conviction.

5

## II. DISCUSSION

When reviewing the district court's denial of a § 2255 motion, we review findings of fact for clear error and questions of law de novo. *Rhode v. United States*, 583 F.3d 1289, 1290 (11th Cir. 2009). Under the prior precedent rule, we are bound by our prior decisions unless and until the Supreme Court or this Court sitting en banc overrule them. *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003). We may affirm for any reason supported by the record, even if not relied upon by the district court. *United States v. Gandy*, 710 F.3d 1234, 1238 (11th Cir. 2013).

A federal prisoner may move the sentencing court to vacate his sentence under 28 U.S.C. § 2255 on the ground that, *inter alia*, his sentence was imposed in violation of federal law or the Constitution or exceeds the maximum time allowed by law. 28 U.S.C. § 2255(a). However, like any other § 2255 movant, a § 2255 claimant relying on *Johnson* must prove his claim. *Beeman*, 871 F.3d at 1221-22 (citing "a long line of authority holding that a § 2255 movant 'bears the burden to prove the claims in his § 2255 motion'").

To obtain relief based on *Johnson*, a post-conviction movant must prove that his sentence "enhancement was due to use of the residual clause." *Id.* at 1222. "In other words, he must show that the clause actually adversely affected the sentence he received." *Id.* at 1221. A *Johnson* § 2255 movant must prove two things: (1)

that "the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause," and (2) that "there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense." *Id.*

The ACCA caps a federal prison sentence for possessing a firearm as a felon under 18 U.S.C. § 922(g)(1) at 10 years, except when the person being sentenced has three or more prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(a)(2), (e)(1). The ACCA requires a minimum prison sentence of 15 years for someone who has 3 prior convictions for a "violent felony or a serious drug offense, or both." *Id.* § 924(e)(1). The ACCA defines a "serious drug offense" as "an offense under State law," punishable by at least 10 years of imprisonment, "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." *Id.* § 924(e)(2)(A)(ii).

Florida law punishes the sale, manufacture, delivery, or possession with intent to sell cocaine as a second-degree felony with a sentence up to 15 years of imprisonment. Fla. Stat. §§ 775.082(3)(d), 893.03(2)(a), 893.13(1)(a)1. It punishes the sale, manufacture, delivery, or possession with intent to sell cannabis as a third-degree felony with a sentence up to 5 years of imprisonment. *Id.* §§ 775.082(3)(e), 893.03(1)(c), 893.13(1)(a)2. Thus, a Florida conviction for

7

possession with intent to sell cocaine is a serious drug offense under the ACCA, while possession with intent to sell cannabis is not. *See* 18 U.S.C. § 924(e)(2)(A)(ii); *see also United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014).

In *Tribue*, we rejected the defendant's arguments that the government effectively waived the ability to rely on additional convictions to support his ACCA enhanced sentence on collateral review when the PSI previously identified three convictions for the enhancement, one of which no longer qualified. *Tribue*, 929 F.3d at 1330, 1332. The defendant argued, in part, that the government could not use a conviction that was mislabeled in the PSI because the district court adopted the PSI without changing the error. *Id.* at 1330. We determined that the defendant had not objected to his ACCA enhancement at sentencing, and that that reason alone was sufficient to affirm. *Id.* at 1332.

We further determined that there was no requirement for the government to "prospectively address whether each and every conviction listed in the criminal history section of a PSI is an ACCA predicate in order to guard against potential future changes in the law and avoid later claims that it has waived use of those convictions as qualifying ACCA predicates." *Id.* We concluded that, "where there is no objection by the defendant to the three convictions identified as ACCA predicates, the government bears no burden to argue or prove alternative grounds

8

to support the ACCA enhancement" because neither party is expected to have anticipated *Johnson*'s invalidation of the residual clause. *Id.* In doing so, we noted that the government could show, at the § 2255 hearing, that a third conviction qualified under the ACCA even though the conviction was mislabeled in the PSI as a non-qualifying offense. *Id.* at 1330 & n.5. Because the PSI had the correct case number for the conviction, the government could correct the mislabeled conviction and use it to support the ACCA enhancement. *Id.*

Here, the government did not waive reliance on Gray's mislabeled conviction. As noted in *Tribue*, we can affirm based on his failure to object to either his ACCA enhancement or the use of any of his convictions at sentencing. *See id.* at 1332.

We also note that Gray's mislabeled conviction was a serious drug offense under the ACCA and the government did not have to object to it in this case to use in on collateral review. This is especially true here where the PSI had the correct case file number, the narrative indicated that cocaine was also found in the vehicle, and the sentence imposed exceeded the statutory maximum for the charge as written for cannabis. *See id.* at 1330 n.5. Although *Tribue* was decided after the parties filed their appellate briefs, we may affirm on any ground supported by the record, and *Tribue* is binding precedent that we must follow. *See Gandy*, 710 F.3d at 1238; *Brown*, 342 F.3d at 1246.

9

**AFFIRMED.**