[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16829
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cr-00131-WTM-GRS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

LEON CARTER,

Defendant - Appellee.

_____

Appeals from the United States District Court
for the Southern District of Georgia
_____

(August 18, 2017)

Before MARTIN, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Leon Carter, who pled guilty to one count of illegal firearm possession, appeals his classification as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e).  The government, maintaining that Mr. Carter was correctly classified as an armed career criminal, appeals Mr. Carter's 96-month sentence on the ground that the district court lacked a legal basis to impose a sentence below ACCA's 180-month mandatory minimum.

Because neither party objected to the adverse district court decision now being appealed, we review for plain error.  *See, e.g.*, *United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005).  Following a review of the record and the parties' briefs, we conclude that the district court did not plainly err in classifying Mr. Carter as an armed career criminal, but that it committed plain error when it imposed a sentence below the ACCA statutory minimum.

# I

"Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity or public reputation of the judicial proceedings."  *United States v. Hall*, 314 F.3d 565, 566 (11th Cir. 2002).  "[W]here the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the

2

Supreme Court or this Court directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

## II

Mr. Carter contends that the district court plainly erred by classifying him as an armed career criminal. Because he pled guilty to a federal firearms offense, Mr. Carter qualifies as an armed career criminal if he "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). He argues that his prior Georgia convictions—including for aggravated assault, sale of a controlled substance, and conspiracy to distribute a controlled substance—do not count as ACCA predicate offenses. Mr. Carter, however, has not cited any Supreme Court or Eleventh Circuit cases holding that his prior Georgia convictions do not qualify as ACCA predicate offenses, and we are not aware of any such decisions. *See* Br. of Leon Carter at 21–31. He therefore cannot establish that the district court committed plain error. *See Lejarde-Rada*, 319 F.3d at 1291.

## III

The government argues that the district court plainly erred in sentencing Mr. Carter below the 180-month mandatory minimum prescribed by ACCA. Mr. Carter concedes that, if he qualifies as an armed career criminal, his 96-month sentence constitutes plain error. *See* Br. of Leon Carter at 13. Because we have

3

already decided that his classification as an armed career criminal does not constitute plain error, this should be the end of the inquiry. Mr. Carter, however, urges us not to exercise our discretion under plain-error review to correct his sentence on the ground that various "countervailing factors," *id.* at 14, demonstrate that the district court's error does not "seriously affect[ ] the fairness, integrity or public reputation of the judicial proceedings." *Hall*, 314 F.3d at 566.

But our precedent says just the opposite. In *United States v. Clark*, 274 F.3d 1325, 1325–26, 1328 (11th Cir. 2001), the defendant was convicted of an offense that carried a statutory minimum sentence of 240 months' imprisonment, but the district court imposed a 150-month sentence. The government appealed, arguing that the district court erred in imposing a sentence below the statutory minimum without a legal basis (such as when the government files a substantial assistance motion or the defendant qualifies for "safety valve" relief under 18 U.S.C. § 3553(f)).

We reviewed the sentence for plain error because the government had failed to object to the sentence at the district court, and concluded that "the district court's imposition of a sentence that is less than two-thirds of the statutorily-required minimum" constituted plain error. *Clark*, 274 F.3d at 1329. In reaching this conclusion, we explained that the sentence imposed, which we described as an "extraordinary downward departure" from the mandatory

4

minimum, "show[ed] a disregard for governing law, diminishe[d] the fairness of the criminal sentencing scheme by allowing disparate sentences to be imposed on similarly-situated defendants, and undermine[d] the integrity and public reputation of the judicial system." *Id.* Similarly, we have also vacated and remanded for re-sentencing where a defendant's sentence exceeded the statutory maximum, on the ground that the imposition of such a sentence constitutes plain error and affects the defendant's substantial rights as well as the fairness, integrity, and public reputation of the judicial proceedings. *See, e.g.*, *United States v. Sanchez*, 586 F.3d 918, 930 (11th Cir. 2009).

Mr. Carter's sentence, which stands at nearly half the statutorily-required minimum, presents the same systemic problems to the fairness and integrity of the judicial proceedings as the sentence in *Clark*. Our decision in *Clark* therefore forecloses Mr. Carter's argument that the fourth prong of the plain-error analysis favors discretionary refusal on our part to correct his sentence. *See also United States v. Castaing-Sosa*, 530 F.3d 1358, 1361 (11th Cir. 2008) (reversing, under de novo review, a sentence that was only two-thirds the mandatory minimum). Accordingly, we vacate Mr. Carter's sentence and remand this case to the district court for re-sentencing.

**AFFIRMED IN PART, AND VACATED AND REMANDED IN PART.**

5