[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10579

_____

D.C. Docket No. 6:16-cv-00976-GKS-DCI; 6:13-cr-00005-GKS-GJK-1


ALEX CORI TRIBUE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 11, 2019)

Before JORDAN, GRANT and HULL, Circuit Judges.

HULL, Circuit Judge:

Alex Cori Tribue, a federal prisoner proceeding with counsel, appeals the

district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence.

Tribue argued that his prior Florida conviction for fleeing and eluding in 2006 no longer qualified as a violent felony after *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), so he was no longer subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Citing *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017), the district court ruled that Tribue failed to prove that the ACCA's residual clause affected his sentence because he still had three qualifying serious drug offenses. On appeal, Tribue argues, in relevant part, that the district court erred in relying on his 2007 conviction for delivery of cocaine to sustain his ACCA enhancement because the government waived reliance on the use of that conviction as an ACCA predicate.

After careful review of the parties' briefs and the record, and with the benefit of oral argument, we conclude that the government did not waive reliance on Tribue's 2007 conviction for delivery of cocaine, and in the § 2255 proceedings the government permissibly introduced *Shepard*[1] documents to prove the qualifying nature of that 2007 conviction. Thus, we affirm the district court's denial of Tribue's § 2255 motion.[2]

---

[1]*Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254 (2005).

[2]In reviewing a denial of a motion to vacate under § 2255, we review the district court's legal conclusions *de novo* and its findings of fact for clear error. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014). "'[W]e may affirm on any ground supported by the record.'" *Beeman*, 871 F.3d at 1221 (quoting *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016)).

2

## I. BACKGROUND

### A.    Guilty Pleas

In February 2013, Tribue pled guilty to conspiring to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(ii), and to possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1).  In exchange the government dismissed six charges against Tribue for distributing cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

During Tribue's change of plea hearing, his defense counsel predicted, "[b]ased on [Tribue's] criminal record, . . . he will be scored as an armed career criminal."  Counsel admitted that Tribue had "several deliveries" "of cocaine," yet he was "not by this Plea Agreement waiving his right to challenge any of those predicates."  Counsel had advised Tribue that "the 15 years . . . in terms of a minimum mandatory penalty, is a worst-case scenario" and, if they were "successful on challenging the armed career criminal [enhancement], it would be a ten-year statutory maximum as a felon in possession of a firearm," but "[e]ither way, [Tribue] would still plead."  Defense counsel clarified that his remarks should not "be seen as a concession or abandonment of any legal challenges [he] may

3

have at sentencing, especially since none of the predicates [were] mentioned in [the] Plea Agreement, which [he had] not stipulated to."

## B.    Presentence Investigation Report

The probation officer's presentence investigation report ("PSI") assigned Tribue a base offense level of 26, pursuant to U.S.S.G. § 2D1.1(c)(7), because Tribue's drug offense involved 624.9 grams of cocaine, which is more than 500 grams but less than 2 kilograms of cocaine.[3]  The probation officer designated Tribue as an armed career criminal under the ACCA because he had "at least three prior convictions for a violent felony or serious drug offense, or both, that were committed on occasions different from one another."  The probation officer applied the enhancement under the ACCA based on Tribue's Florida convictions for: (1) delivery of cocaine in 2003; (2) fleeing and eluding in 2006; and (3) delivery of cocaine in 2009.

The PSI also listed in the criminal history section Tribue's several additional prior Florida convictions, including (1) lewd and lascivious behavior in 2005; (2) possession of a controlled substance in 2005; (3) tampering with physical evidence in 2005; (4) possession of a controlled substance in 2006; (5) solicitation

---

[3]The probation officer prepared the PSI using the 2012 United States Sentencing Guidelines Manual.

to commit purchase of cocaine in 2007; (6) possession of a controlled substance in July 2007; and (7) possession of a controlled substance in August 2007.

As a result of Tribue's ACCA status, the PSI increased Tribue's offense level from 26 to 37, pursuant to U.S.S.G. § 4B1.4(b)(2).  The PSI then applied a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b), making Tribue's total offense level 34.

Regardless of his ACCA status, Tribue's criminal history category was VI based on his criminal history score of 22.  With a total offense level of 34 and a criminal history category of VI, Tribue's initial advisory guidelines range was 262 to 327 months' imprisonment.

## C.     Objections

Tribue objected to the PSI, arguing that his 2009 conviction for delivery of cocaine did not count as an ACCA predicate offense because it was "relevant conduct to the instant offense."  The probation officer responded that Tribue's 2009 conviction involved a delivery of cocaine on August 26, 2008, and his drug conspiracy charge in the instant case involved separate conduct between June 24, 2012, and November 7, 2012.  The government did not file any objections and agreed with the probation officer.

Before sentencing, the government filed a motion under U.S.S.G. § 5K1.1 for the district court to depart downward based on Tribue's substantial assistance.

5

The government recommended that Tribue receive a four-level offense reduction, which would result in an adjusted total offense level of 30 and an adjusted advisory guidelines range of 168 to 210 months' imprisonment.

**D.    Sentencing Hearing**

At the commencement of Tribue's sentencing hearing, the district court asked Tribue whether "there [was] anything regarding the contents of the [PSI] that [he would] like to place on the record," and Tribue's counsel responded "No, Your Honor.  There was previously an objection, but it's . . . been resolved with the government."  Thus, at the sentencing hearing, Tribue withdrew any objection to the ACCA enhancement.  The government also responded that there was nothing to do regarding the PSI.  Indeed, at sentencing, Tribue did not object to his classification as an armed career criminal.

When the district court invited Tribue to allocute, defense counsel asked to "be heard" on the motion of the government to depart downward.  Tribue's counsel requested a four-level offense departure, which would result in an adjusted advisory guidelines range of 168 to 210 months' imprisonment.  The government "recommend[ed] the same as [Tribue]," and the district court responded, "All right."

The district court announced that, "under the Presentence Report, [Tribue] ha[s] a total offense level of 34, [and] a criminal history category [of] VI."  The

6

district court "note[d] that [Tribue] had 15 prior convictions."  "Because of [Tribue] entering a plea of guilty and cooperating with the government, the [District] Court . . . t[ook] into consideration the government's motion for substantial assistance and sentence[d] [Tribue] to 170 months in the Bureau of Prisons."

The district court asked if there was anything Tribue would like to state to the court after being sentenced, to which Tribue's counsel responded, "I was going to allocute and Mr. Tribue was going to allocute, but I think the Court has imposed a reasonable sentence in this case, and so there's no objections."  The government stated that it had no objections.

The district court did not state which of Tribue's prior convictions it relied on to support Tribue's enhanced sentence under the ACCA.  However, in its Statement of Reasons, the district court marked that it adopted the PSI without change.

Tribue did not file a direct appeal.

**E.    § 2255 Proceeding**

Later, Tribue filed a § 2255 motion to vacate his sentence.  28 U.S.C. § 2255.  He argued that he no longer qualified as an armed career criminal because his Florida conviction in 2006 for fleeing and eluding did not count as a predicate

7

offense after *Johnson*.  Tribue did not dispute that his 2003 and 2009 delivery of cocaine convictions qualified as serious drug offenses and ACCA predicates.

However, Tribue asserted that the government effectively waived reliance on the use of any other prior convictions listed in the PSI because (1) the PSI identified only three specific convictions as ACCA predicates, (2) at sentencing, the government did not object to the PSI or state its reliance on any of Tribue's other prior convictions as ACCA predicates, and (3) the sentencing court adopted the PSI without change.  In support of his waiver argument, Tribue stressed this Court's decision in *United States v. Canty*, 570 F.3d 1251, 1256 (11th Cir. 2009), where the government specifically waived reliance on the facts that it later sought to assert.

In response, the government emphasized that, although Tribue's conviction in 2006 for fleeing and eluding no longer qualified as a violent felony,[4] he was ineligible for § 2255 relief because he still had three prior convictions that qualified as serious drug offenses.  *See Beeman*, 871 F.3d at 1221.  In addition to Tribue's 2003 and 2009 delivery of cocaine convictions, the government submitted that Tribue also had a 2007 delivery of cocaine conviction that qualified too.  As a

---

[4]The parties agree that Tribue's prior Florida conviction in 2006 for fleeing and eluding does not qualify as a predicate violent felony under the ACCA.  *See United States v. Adams*, 815 F.3d 1291, 1292-93 (11th Cir. 2016) (holding that, after *Johnson*, a Florida conviction for fleeing or attempting to elude is no longer an ACCA-qualifying offense because it does not qualify under the elements or enumerated-offenses clauses).

*Shepard* document, the government attached to its response a certified copy of the

Florida judgment in Tribue's 2007 case that showed he had been adjudicated guilty

of "Delivery of Cocaine" on June 26, 2007.[5]  The government argued that it could

now rely on this 2007 conviction for delivery of cocaine to support Tribue's

ACCA enhancement and that it never waived reliance on that conviction.

Regarding *Canty*, the government pointed out that: (1) in the original *Canty*

sentencing, the defendant had objected to the predicate convictions used for his

ACCA enhancement and the government had explicitly and vocally disclaimed

reliance on any other facts to show the convictions qualified; (2) there was no such

similar objection or discussion at Tribue's original sentencing; and (3) a sentencing

court is not required to address and rule upon every possible qualifying predicate

conviction listed in the PSI for those convictions to count later as ACCA predicates

on direct appeal or on collateral review.

The district court denied Tribue's § 2255 motion.  The district court

concluded, in relevant part, that Tribue could not meet his burden of proof under

*Beeman* to demonstrate that he no longer qualified for an ACCA enhancement

because he still had three qualifying serious drug offenses.  The district court found

---

[5]The conviction in 2007 for delivery of cocaine was originally listed in Tribue's PSI as "solicitation to commit purchase of cocaine," but the government introduced a certified copy of the state court judgment in Tribue's § 2255 proceeding verifying that the conviction was for delivery of cocaine.  Both the PSI and the certified copy of the state court judgment identify the conviction as Case No. 07-CF-2641 in the Orange County Circuit Court on June 26, 2007.

that, unlike in *Canty*, here the government never waived or disclaimed reliance on *Shepard* documents or other records demonstrating the nature of Tribue's prior convictions contained in the PSI. The district court also denied Tribue a certificate of appealability ("COA").

Tribue filed a timely appeal. This Court granted Tribue a COA on "[w]hether the district court erred in denying relief under 28 U.S.C. § 2255 by determining that Tribue was still subject to the Armed Career Criminal enhancement, 18 U.S.C. § 924(e)(1)."

## II.    DISCUSSION

A defendant who violates 18 U.S.C. § 922(g) and has three or more previous convictions for a violent felony or serious drug offense is subject to an enhanced sentence under the Armed Career Criminal Act. *See* 18 U.S.C. § 924(e)(1); U.S.S.G. § 4B1.4(a). The sentencing enhancement is mandatory where a defendant has at least three predicate offenses. *See United States v. Symington*, 781 F.3d 1308, 1313 (11th Cir. 2015) (holding that, because "application of the ACCA is mandatory when a defendant meets the statutory requirements," the district court did not err by sentencing him to 15 years of imprisonment notwithstanding the 10-year maximum sentence agreed to in his plea agreement).

10

## A.    *Beeman*

"[L]ike any other § 2255 movant, a *Johnson* § 2255 claimant must prove his claim."  *Beeman*, 871 F.3d at 1221-22 (citing "a long line of authority holding that a § 2255 movant 'bears the burden to prove the claims in his § 2255 motion.'").  To obtain relief based on *Johnson*, a postconviction movant must prove that his sentence "enhancement was due to use of the residual clause."  *Id.* at 1222.  "In other words, he must show that the clause actually adversely affected the sentence he received."  *Id.* at 1221.  A *Johnson* § 2255 movant must prove two things: (1) that "the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause," and (2) that "there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense."  *Id.*

As to this first requirement, *Beeman* added that "[t]o prove a *Johnson* claim, the movant must show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence."  *Id.* at 1222.  *Beeman* explained that "[i]f it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause."  *Id.*

11

Here, we can decide this case easily based on Tribue's failure to prove the second requirement of *Beeman*. *See id.* at 1221. Tribue's PSI provided that he had Florida convictions in 2003 and 2009 for delivering cocaine, which qualify as serious drug offenses under the ACCA. *See* 18 U.S.C. § 924(e)(2)(A)(ii) (defining a "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance," punishable by at least ten years of imprisonment); *United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014) (holding that a drug conviction under Fla. Stat. § 893.13(1) is a "serious drug offense" under the ACCA).[6] In this appeal, Tribue does not dispute that these cocaine delivery convictions qualify as ACCA predicates.

The problem for Tribue is that he also had a Florida conviction in 2007 for delivering cocaine, which likewise qualifies as an ACCA predicate. Therefore, Tribue had at least three prior convictions that qualified as "serious drug offenses" under the ACCA. Accordingly, Tribue has not proven that there were not other

---

[6]*See* Fla. Stat. § 893.13(1)(a) (providing that "a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance"). A delivery of cocaine conviction constitutes a second-degree felony, punishable by up to 15 years of imprisonment. Fla. Stat. §§ 893.13(1)(a)(1), 775.082(3)(d), 893.03(2)(a)(4).

convictions that could have qualified, and thus Tribue is not eligible for § 2255 relief under *Johnson* and *Beeman*.  *See Beeman*, 871 F.3d at 1221.[7]

## B.    Waiver

Tribue's main argument is that the government effectively waived reliance on the use of any other convictions outside of the three identified as ACCA predicates in the PSI.  Tribue argues that the government cannot now rely on his 2007 conviction for delivery of cocaine because: (1) his PSI expressly stated the ACCA enhancement was based on three specific prior convictions, one of which was the 2006 fleeing and eluding conviction; (2) the government did not file PSI objections or state that he had additional ACCA predicates; and (3) the district court adopted the PSI without change.  Tribue contends that the government should not now be given a second chance to rely on a new ACCA predicate.

We are not persuaded by Tribue's arguments.  Rather, strong reasons exist for allowing the government to rely on Tribue's additional drug conviction and to present evidence about it in his § 2255 proceedings.

---

[7]Although the district court's order in Tribue's § 2255 proceeding incorrectly identified Tribue's third ACCA predicate as a 2005 conviction, the record established that Tribue's third cocaine delivery conviction was in 2007.  We may affirm on any ground supported by the record. *Beeman*, 871 F.3d at 1221.

First, at the original sentencing before the district court, Tribue admitted that he had all of the convictions listed in the PSI. So the factual existence of Tribue's 2007 drug conviction was not disputed at the original sentencing.

Second, at the original sentencing, Tribue raised no objection to his ACCA enhancement. For example, at sentencing Tribue never claimed that his 2006 fleeing and eluding conviction did not qualify under the ACCA's elements clause or that the residual clause was void for vagueness. This reason alone suffices.

Third, there is no requirement that the government prospectively address whether each and every conviction listed in the criminal history section of a PSI is an ACCA predicate in order to guard against potential future changes in the law and avoid later claims that it has waived use of those convictions as qualifying ACCA predicates. In other words, where there is no objection by the defendant to the three convictions identified as ACCA predicates, the government bears no burden to argue or prove alternative grounds to support the ACCA enhancement. If Tribue had no way to anticipate *Johnson*'s invalidation of the residual clause in the ACCA, and therefore did not object, then the government equally did not either. Further, the government did not waive reliance on other convictions in the PSI as ACCA predicates simply by not objecting to the PSI on the grounds that Tribue had more qualifying convictions than the three that the probation officer had identified as supporting the ACCA enhancement.

## C.    Other Precedent

We recognize that Tribue relies on *Canty* and *Bryant*.[8]  However, in both cases, the defendants expressly objected to their ACCA classification at the original sentencing.  That alone makes those cases materially different and not helpful to Tribue.  In addition, in each case the government's particular conduct in response to the defendant's timely objection laid the foundation for the waiver ruling in those cases.  We discuss what happened in those cases and why.

In *Canty*, at the original sentencing hearing, the defendant objected both to the facts of his prior convictions in the PSI and the use of his prior convictions as ACCA predicates.  570 F.3d at 1253-54.  The government expressly disclaimed reliance on the facts in the PSI taken from various documents and instead offered limited *Shepard* exhibits (certified copies of state convictions) to demonstrate that the defendant had the requisite prior ACCA predicates.  *Id.* at 1253.  The convictions were: (1) a 2002 Florida felon in possession of a firearm, carrying a concealed firearm, and obstructing or opposing an officer; (2) a 1998 Florida escape while transporting, possession of cocaine, and obstructing or opposing an officer with violence; (3) a 1998 Florida possession of cocaine with intent to sell or

---

[8]*Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253 (11th Cir. 2013), *overruled on other grounds by McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc).

15

deliver; and (4) a 1995 Florida carrying a concealed firearm and possession of a weapon in the vicinity of a school. *Id.*

On direct appeal in *Canty*, this Court determined that the defendant's convictions for carrying a concealed weapon did not qualify as violent felonies, and his crimes of escape and obstructing justice with violence occurred on the same day and thus could not both be used. *Id.* at 1255. Further, because the government, in response to the defendant's timely objection, had disclaimed reliance on any facts in the PSI taken from documents other than the *Shepard* exhibits, this Court (1) declined to consider on appeal the PSI facts regarding the circumstances of the above escape and obstructing justice convictions and (2) rejected the government's argument for a second chance to present more evidence about those very same convictions on remand. *Id.* at 1256-57.[9]

---

[9]After *Canty*, in *United States v. Martinez*, 606 F.3d 1303, 1305 (11th Cir. 2010), another direct appeal case, this Court limited *Canty* to its facts and explained that *Canty* did not hold "that an appellate panel was barred from fashioning an appropriate mandate, including allowing the government to present additional evidence on remand for resentencing." In *Martinez*, this Court read *Canty* to "say only that a broad mandate for *de novo* resentencing was inappropriate in that case" because the government had explicitly disclaimed reliance on other evidence at the original sentencing. *Id.*

Further, in *Martinez*, this Court held that "there were powerful reasons to allow the government to present additional evidence" on remand in that case. *Id.* at 1306. This Court explained that the defendant's objection at the sentencing hearing to a sentencing enhancement was "vague and unclear" and, therefore, under the circumstances of the case, "a 'just' mandate allowed the government to introduce evidence upon remand." *Id.* This Court held that it "had the lawful power to fashion an appropriate form of relief on remand, including permitting the presentation of further evidence." *Id.*

16

Tribue's case is nothing like *Canty*. Tribue did not object to his ACCA classification at the original sentencing, and the government did not expressly disclaim reliance on the facts in the PSI.

Similar to *Canty*, the defendant in *Bryant* also objected to his ACCA classification at the original sentencing. *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1258 (11th Cir. 2013), *overruled on other grounds by McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc). The government countered that the defendant had "5 or 6 felony convictions which also could have been used" as predicates. *Id.* at 1258-59. The district court thoroughly reviewed all of the defendant's prior convictions because of the government's representation that there were other felonies which could have been used. *Id.* at 1259. One of the convictions listed in the PSI was burglary. *Id.* at 1258. After its thorough review of the convictions, the district court found that the defendant had "at most three qualifying predicate convictions," which were a concealed-firearm conviction and two drug convictions. *Id.* at 1259, 1279 (emphasis added). Importantly, the government did not object to that finding or suggest at any point at sentencing that a prior burglary conviction could serve as a predicate offense. *Id.* Therefore, based on those factual circumstances, this Court determined that the government waived reliance on the defendant's burglary conviction as the third ACCA predicate at sentencing. *Id.* at 1279.

17

Unlike the defendant in *Bryant*, Tribue did not object to his ACCA classification at his original sentencing. And unlike the factual circumstances in *Bryant*, the sentencing court here did not review all of Tribue's convictions, much less make any finding about all of them.[10] Neither *Canty* nor *Bryant* help Tribue.

## III.  CONCLUSION

In sum, because Tribue has three prior convictions that qualified as "serious drug offenses" under the ACCA, he has not shown that he is eligible for § 2255 relief under *Johnson*. Thus, we affirm the district court's denial of Tribue's § 2255 motion.

**AFFIRMED.**

---

[10]In *United States v. Petite*, 703 F.3d 1290, 1292 n.2 (11th Cir. 2013), this Court concluded that a fleeing and eluding offense counted as an ACCA predicate, and thus, the Court said it need not reach the government's claim that it could substitute a different conviction. The Court's statements in a footnote in *Petite* that the government on appeal cannot offer a new predicate conviction in support of an ACCA enhancement are pure dicta. In any event, the defendant in *Petite* had objected at sentencing and on direct appeal that the fleeing and eluding offense did not count substantively under the residual clause, which also materially distinguishes *Petite* from this case. *See id.* at 1292.