[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10044
_____

D.C. Docket Nos. 6:16-cv-01132-GKS-DCI; 6:12-cr-00312-GKS-DAB-1


ANTHONY MARVIN BRUTEN,

Petitioner - Appellant

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 14, 2020)

Before JILL PRYOR and GRANT, Circuit Judges, and ROYAL,* District Judge.

PER CURIAM:

Anthony Marvin Bruten, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence. This Court granted Bruten a certificate of appealability on one issue: whether the district court erred in dismissing Bruten's motion as procedurally barred by concluding that the government could rely on prior convictions in the Presentence Investigation Report ("PSR") as predicate offenses under the Armed Career Criminal Act ("ACCA"), despite the fact that neither the PSR nor the sentencing court explicitly found those other convictions to be ACCA predicates. After careful review, with the benefit of oral argument, and because of this Court's decision in *Tribue v. United States*, 929 F.3d 1326 (11th Cir. 2019), we affirm.

## I.    BACKGROUND

Bruten pled guilty pursuant to a plea agreement to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[1] The plea agreement stated:

---

* Honorable C. Ashley Royal, United States District Judge for the Middle District of Georgia, sitting by designation.

[1] Because we write for the parties, who are familiar with the facts, we recount only the facts that are necessary to understand our disposition of this appeal.

BRUTEN admits he has been convicted of the following felonies, which include three felonies that BRUTEN admits qualify him as an Armed Career Criminal:

1. Sale of Cocaine, in . . . Florida . . . , on or about August 17, 2011;

2. Flee or Attempt to Elude, in . . . Florida . . . , on or about November 10, 2009;

3. Sale or Possession of Cocaine with Intent to Sell within 1000 Feet of a School, in . . . Florida . . . ; and

4. Aggravated Assault, in . . . Florida . . . , on or about November 4, 2004.

Crim. Doc. 35 at 21.[2]

In preparation for sentencing, the probation office prepared a PSR. The PSR stated that Bruten was subject to an enhanced sentence under ACCA because he had "at least three prior convictions for a violent felony or serious drug offense, or both, that were committed on occasions different from one another." PSR at ¶ 23; *see* 18 U.S.C. § 924(e)(1). The PSR specifically listed three qualifying convictions: (1) aggravated assault in 2004; (2) sale/possession of cocaine within 1,000 feet of a school in 2005; and (3) fleeing and eluding in 2009. The PSR listed (and assigned criminal history points to) several other Florida convictions in the

---

[2] Citations to "Crim. Doc. #" refer to numbered entries on the district court's docket in Bruten's Middle District of Florida criminal case, No. 6:12-cr-312-GKS-DAB-1. The Presentence Investigation Report prepared in this case is cited as "PSR."

Citations to "Civ. Doc. #" refer to numbered entries on the district court's docket in Bruten's Middle District of Florida § 2255 proceedings.

criminal history section, including:  sale/delivery of a controlled substance (cocaine) in 1998; manufacture of cocaine in 2004; and sale of cocaine within 1,000 feet of a public park in 2009.

Neither Bruten nor the government objected to the convictions listed in the PSR, which the district court adopted.  At sentencing, the district court found that the ACCA enhancement applied, but did not state which of Bruten's convictions formed the basis of the enhancement.  The district court sentenced Bruten to 180 months' imprisonment.

Bruten did not file a direct appeal.  Rather, he filed the instant § 2255 motion to vacate.  In his motion, Bruten argued that his ACCA-enhanced sentence was unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015).  ACCA provides for an enhanced sentence if a person convicted of a § 922(g) offense previously has been convicted of three "violent felon[ies]," "serious drug offense[s]," or both.  *See* 18 U.S.C. § 924(e)(1).  In *Johnson*, the Supreme Court held that one of the "violent felony" definitions, the "residual clause," was unconstitutionally vague in violation of due process.  135 S. Ct. at 2557.  After *Johnson* a violent felony is "any crime punishable by imprisonment for a term exceeding one year" that either (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), the "elements clause," or (2) "is burglary, arson, or extortion,

4

[or] involves use of explosives," *id.* § 924(e)(2)(B)(ii), the "enumerated crimes clause." "Serious drug offense," unaffected by *Johnson*, means either any offense under the Controlled Substances Act or similar federal law or "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act), for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id.* § 924(e)(2)(A)(i), (ii).

In support of his § 2255 motion Bruten argued that his convictions for aggravated assault and fleeing and eluding no longer qualified as ACCA predicate offenses in light of *Johnson*'s holding, and that without those convictions he lacked sufficient qualifying convictions. In response, the government argued that Bruten's *Johnson* claim was subject to a procedural default because he did not raise it on direct appeal, and he could not show cause or prejudice to overcome the default. Bruten could not show cause, the government argued, because although circuit precedent foreclosed his claim at the time of his direct appeal, there was no impediment to his asserting the challenge he brought in his § 2255 motion. As to prejudice, the government conceded that Bruten's fleeing and eluding conviction no longer qualified as a "violent felony," but it argued that Bruten had at least three qualifying convictions notwithstanding *Johnson*. Binding circuit precedent established that his 2004 conviction for aggravated assault qualified as a violent

5

felony under ACCA's elements clause. *See Turner v. Warden*, 709 F.3d 1328, 1338 (11th Cir. 2013), *abrogated on other grounds by Johnson*, 135 S. Ct. 2551. And Bruten had four prior convictions for serious drug offenses, including the 1997 sale/delivery of cocaine, 2004 manufacture of cocaine, 2005 sale of cocaine within 1,000 feet of a school, and 2008 sale of cocaine within 1,000 feet of a public park.

The district court agreed with the government's assessment of prejudice[3] and denied Bruten's § 2255 motion. The district court found that Bruten "has five prior convictions for violent felonies or serious drug offenses that still qualify under the ACCA," including the four drug convictions and the aggravated assault conviction. Civ. Doc. 19 at 4-5. Bruten has appealed.

## II.    STANDARD OF REVIEW

When reviewing the district court's ruling on a § 2255 motion, we review findings of fact for clear error and questions of law *de novo*. *Rhode v. United States*, 583 F.3d 1289, 1290 (11th Cir. 2009). We may affirm on any ground supported by the record. *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016) (internal quotation marks and citation omitted).

## III.    DISCUSSION

---

[3] The district court did not address whether Bruten had demonstrated cause to overcome the procedural default.

Bruten argues that the district court erred in concluding that his claim was procedurally defaulted.  He argues that the district court was permitted to rely only on the convictions listed in his PSR as ACCA predicates to determine his eligibility for relief and that, now that one of the three listed ACCA predicates does not qualify as a violent felony, he must be resentenced.[4]  He argues that the district court's reliance on other prior convictions runs afoul of *United States v. Canty*, in which this Court held that the government's "fail[ure] to voice any objection that the sentencing court had not made any findings as to which of [the defendant's] convictions were predicates for the ACCA enhancement" made "further findings . . . inappropriate."  570 F.3d 1251, 1257 (11th Cir. 2009).

After this case was fully briefed, but before we held oral argument, this Court rejected the theory Bruten advances.  *See Tribue*, 929 F.3d at 1331-34.  In *Tribue*, as here, the § 2255 movant's PSR designated him as an armed career criminal under ACCA and specifically listed three predicates, one of which was fleeing and eluding under Florida law.  *Id.* at 1328.  The PSR also included a criminal history section, which listed "several additional prior Florida convictions."  *Id.*  Tribue represented to the district court that he had no objections to the PSR and, as here, the district court did not state which of Tribue's prior

---

[4] Bruten also argues that he can demonstrate cause to overcome the procedural default. We need not address his argument, however, because under *Tribue* Bruten cannot establish prejudice.

convictions it relied upon when it imposed the ACCA enhancement. *See id.* at 1328-29. Tribue, like Bruten, did not file a direct appeal, but filed a § 2255 motion challenging his ACCA-enhanced sentence after the Supreme Court's decision in *Johnson*, arguing that his fleeing and eluding conviction no longer qualified as an ACCA predicate and therefore that he lacked the requisite three predicates. *See id.* at 1329-30. Tribue, citing *Canty*, 570 F.3d at 1256, "asserted that the government effectively waived reliance on the use of any other prior convictions listed in the PS[R]," because:

> (1) The PS[R] identified only three specific convictions as ACCA predicates, (2) at sentencing, the government did not object to the PS[R] or state its reliance on any of Tribue's other prior convictions as ACCA predicates, and (3) the sentencing court adopted the PS[R] without change.

*Id.* at 1330. The district court rejected Tribue's argument and relied on other prior convictions to sustain his ACCA-enhanced sentence.

This Court affirmed. We held that a § 2255 movant cannot satisfy his burden to demonstrate entitlement to relief under *Johnson* when he has three qualifying convictions notwithstanding *Johnson* and that the government can rely on (and present evidence about) those additional prior convictions to defeat a movant's claim. *Id.* at 1331-32. We held that *Canty*, in which the defendant had objected to his ACCA classification at sentencing, was materially distinguishable and therefore did not support Tribue's waiver argument. *Id.* at 1333-34; *see also*

8

*id.* at 1334 (distinguishing a case similar to *Canty*, *Bryant v. Warden*, 738 F.3d 1253 (11th Cir. 2013), *overruled on other grounds by McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc)).

*Tribue* is factually and legally on point with this case and therefore dictates its outcome.  Under *Tribue*, Bruten has not satisfied his burden to show entitlement to relief because, notwithstanding *Johnson*, he has three ACCA-qualifying convictions:  aggravated assault[5] and four "serious drug offenses."  Indeed, Bruten concedes that he has at least three qualifying offenses even after *Johnson*. Bruten's argument for relief hinges on his assertion that the government has waived reliance on his other convictions, but *Tribue* rejected this theory even though there, as here, the PSR listed three ACCA-qualifying offenses, the government did not object to the PSR or rely on any other convictions to support the enhancement, and the sentencing court adopted the PSR without change.  *See id.* at 1332.

Bruten acknowledges *Tribue*'s holding but argues that his case is distinguishable.  Specifically, he contends that unlike in *Tribue*, he and the government agreed in his plea agreement that he had "three felonies that . . .

---

[5] Although he acknowledges that his argument is foreclosed by precedent, Bruten challenges the district court's determination that his aggravated assault conviction remains a valid predicate.  *See Turner*, 709 F.3d at 1338.  Even in the absence of this precedent, we would affirm the district court based on Bruten's qualifying serious drug offenses.

qualify him as an Armed Career Criminal," Crim. Doc. 35 at 21, and that the government is bound to this limited number. Bruten's argument may have had merit if his plea agreement had stated that Bruten had "*only* three felonies" that qualified him as an armed career criminal, but the plea agreement was not so limited. So, Bruten's plea agreement does not put him on different footing than Tribue.

Bruten alternatively argues that *Tribue* was wrongly decided. But as a three-judge panel we are bound to follow *Tribue*. *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003).

For these reasons, the district court correctly denied Bruten's § 2255 motion. We therefore affirm.

**AFFIRMED.**