[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14101
_____

D.C. Docket Nos. 3:16-cv-00823-HES-JBT; 3:02-cr-00058-HES-JBT-1

ELLIOT KEITH ANDERSON,

Petitioner – Appellant,

versus

UNITED STATES OF AMERICA,

Respondent – Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 30, 2020)

Before MARTIN, LUCK, and BRASHER, Circuit Judges.

MARTIN, Circuit Judge:

Elliot Keith Anderson appeals from a final district court order denying his

28 U.S.C. § 2255 motion.  He was sentenced in 2003 under the terms of the Armed

Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), resulting in a lengthier term of imprisonment and supervised release. The sentencing court determined that Mr. Anderson had three convictions that qualified him for the longer ACCA sentence. In this § 2255 motion, Mr. Anderson argues that the application of the ACCA in arriving at his sentence was unlawful in light of the Supreme Court's invalidation of the residual clause in Johnson v. United States, 576 U.S. 591, 135 S. Ct. 2551 (2015). He argues that the sentencing court relied on the now-invalid residual clause in determining that he had three qualifying predicate offenses.

After careful consideration, and with the benefit of oral argument, we vacate and remand to the District Court for further consideration of the § 2255 motion in light of this circuit's decisions in Beeman v. United States, 871 F.3d 1215 (11th Cir. 2017), and Tribue v. United States, 929 F.3d 1326 (11th Cir. 2019).

## I.

Mr. Anderson was charged in 2002 with being a felon in possession of a firearm. The indictment listed three prior Florida convictions for aggravated battery, strong arm robbery, and battery on commitment facility staff. Citing those three prior convictions, the government filed a notice of intent to seek a longer sentence under the ACCA. A jury convicted Mr. Anderson of being a felon in possession of a firearm. Thus, in 2003, Mr. Anderson was given a longer sentence

2

under the ACCA.  He was sentenced to 210 months' imprisonment and 5 years' supervised release.

After filing a § 2255 motion in 2005 on issues not relevant to this appeal, Mr. Anderson received leave from a panel of this Court to file a second or successive § 2255 motion based on the new substantive rule announced in Johnson, 576 U.S. at 597, 135 S. Ct. at 2557.  In this second § 2255 motion, Mr. Anderson argued that, after Johnson's invalidation of the ACCA's residual clause, he no longer had the three violent felonies required for an enhanced sentence under the ACCA.  Specifically, he argued that the battery-on-commitment-facility-staff conviction was no longer a qualifying predicate offense.  He also asserted his disagreement with circuit precedent as to the two other violent felonies identified in the indictment, robbery and aggravated battery.

The government did not argue below that the battery-on-commitment-facility-staff conviction qualifies as an ACCA predicate.  Instead, the government argued that a different offense not identified in the indictment could serve as the third violent felony: Mr. Anderson's juvenile delinquency for aggravated assault.

In denying the § 2255 motion, the District Court found that Mr. Anderson had three qualifying ACCA violent felonies: the robbery and aggravated battery convictions and juvenile delinquency for aggravated assault.  In keeping with the

3

government's approach, the court did not address whether the battery-on-commitment-facility-staff conviction qualified.

Mr. Anderson appealed. The District Court granted a certificate of appealability, recognizing that the juvenile delinquency it relied on may no longer be a valid ACCA predicate due to the Supreme Court's ruling in Descamps v. United States, 570 U.S. 254, 133 S. Ct. 2276 (2013), which was decided after it had imposed sentence on Mr. Anderson.

## II.

In a proceeding on a § 2255 motion, this Court reviews the district court's factual findings for clear error and the legal issues de novo, see Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam), including the legal question of whether a conviction constitutes an ACCA violent felony, see United States v. Braun, 801 F.3d 1301, 1303 (11th Cir. 2015).

## III.

The ACCA requires a 15-year mandatory minimum sentence for defendants convicted under § 922(g) who have three prior convictions for a violent felony or serious drug offense or both. 18 U.S.C. § 924(e)(1). A "violent felony" is:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—

4

**(i)**     has as an element the use, attempted use, or threatened use of physical force against the person of another; or

**(ii)**    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Id. § 924(e)(2)(B).

"[T]he term 'conviction' includes a finding that a person has committed an act of juvenile delinquency involving a violent felony." Id. § 924(e)(2)(C). The first prong of the violent felony definition is sometimes referred to as the "elements clause," while the second prong contains both the "enumerated crimes" clause ("is burglary, arson, or extortion, involves use of explosives") and what is commonly called the "residual clause" ("or otherwise involves conduct that presents a serious potential risk of physical injury to another"). United States v. Owens, 672 F.3d 966, 968 (11th Cir. 2012).

The Supreme Court held in Johnson that the residual clause was unconstitutionally vague. 576 U.S. at 597, 135 S. Ct. at 2557. In Welch v. United States, 578 U.S. ___, 136 S. Ct. 1257 (2016), the Supreme Court made this substantive rule retroactively applicable to cases on collateral review. Id. at 1268.

A year later, this circuit ruled that "[o]nly if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a Johnson violation." Beeman, 871 F.3d at 1221. "[L]ike any other § 2255

5

movant, a <u>Johnson</u> § 2255 claimant must prove his claim." <u>Id.</u>  In order to carry this burden, the "movant must prove two things: (1) that 'the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause,' <u>and</u> (2) that 'there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense.'" <u>Tribue</u>, 929 F.3d at 1331.

Beyond this, as to the first requirement, <u>Beeman</u> instructs that the inquiry must focus not on whether the prior convictions would qualify as ACCA predicates <u>today</u>, but rather whether, as a matter of "historical fact," the movant was "sentenced solely per the residual clause." <u>Beeman</u>, 871 F.3d at 1224 n.5.  The movant carries the burden of showing that it was "more likely than not" that the sentencing court actually relied on the now-invalidated residual clause. <u>Id.</u> at 1221–22.

Here, the District Court decided Mr. Anderson's § 2255 motion without the benefit of this Court's decision in <u>Beeman</u>, 871 F.3d at 1221–22, and <u>Tribue</u>, 929 F.3d at 1332 (holding that the government does not waive reliance on use of convictions outside of those identified in the presentence investigation report as ACCA predicates).  Thus we remand this case so that the District Court may do the <u>Beeman</u> and <u>Tribue</u> analyses in the first instance.  See <u>United States v. Pickett</u>, 916

F.3d 960, 967 (11th Cir. 2019) (remanding in light of <u>Beeman</u>); <u>Schumann v. Collier Anesthesia, P.A.</u>, 803 F.3d 1199, 1203 (11th Cir. 2015) (remanding after this Court adopted a new legal test "[t]o allow the district court to apply this test in the first instance and, if the district court desires, to give the parties an opportunity to further develop the record to address the components of the test"). Because we remand the case to the judge who sentenced Mr. Anderson, the District Court is in a better position to evaluate what likely happened at the sentencing in 2003.

We vacate and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**