[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10973

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAMOL MARQUISE CUYLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:20-cr-00036-JRH-BKE-1

_____

Before JORDAN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Jamol Cuyler appeals his 180-month imprisonment sentence for possessing a firearm as a convicted felon, arguing that the district court erred in determining that he was subject to the Armed Career Criminal Act's enhanced statutory penalty. *See* 18 U.S.C. § 924(e). A defendant convicted under 18 U.S.C. § 922(g) is subject to a minimum 15-year sentence of imprisonment if he has at least three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Cuyler argues that the district court applied the wrong analysis to his prior Georgia terroristic threats convictions and that those convictions do not qualify as violent felonies under the ACCA in light of the Supreme Court's plurality opinion in *Borden v. United States*, 141 S. Ct. 1817 (2021). We need not address Cuyler's arguments about Georgia's terroristic threats statute because the PSI, adopted without change by the district court, concluded that three other convictions constituted violent felonies under the ACCA. And because Cuyler failed to object to the inclusion of those three felonies, we conclude under plain error review that the district court's determination of his armed career criminal status should be affirmed.

## I.

Normally, we review de novo whether a conviction qualifies as a serious drug offense or violent felony for purposes of the

ACCA. *See United States v. Seabrooks*, 839 F.3d 1326, 1338 (11th Cir. 2016). But to preserve objections to sentencing determinations, a defendant must clearly raise the objection in simple language such that the trial court could not misunderstand it. *See United States v. Brown*, 934 F.3d 1278, 1306 (11th Cir. 2019). Defendants must make all their objections to the "manner in which the sentence was imposed at the initial sentencing hearing." *United States v. Canty*, 570 F.3d 1251, 1256 (11th Cir. 2009). We have also stated that a defendant fails to preserve a legal objection for appeal "if the factual predicates of an objection are included in the sentencing record but were presented to the district court under a different legal theory." *United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006). That is, when a defendant's objections at sentencing were "substantively different" from the arguments raised on appeal, we review for plain error. *United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014). Under plain error, we will only reverse if an error was plain, affected the substantial rights of the defendant, and seriously affected the fairness of judicial proceedings. *Id.* at 822. And errors are not plain if no controlling Supreme Court or Eleventh Circuit precedent establishes that an error occurred. *Id.*

At sentencing, Cuyler objected to the PSI's inclusion of his two convictions for terroristic threats in the ACCA enhancement analysis. But in concluding that Cuyler "is considered to be an armed career criminal," the PSI identified three *additional* convictions—burglary, armed robbery, and possession of a firearm during the commission of a crime. Now on appeal—and only in the reply brief—Cuyler argues that his conviction for possessing a firearm

during the commission of a crime is not a predicate offense under the ACCA. True, Cuyler objected to his armed career criminal status at sentencing. But that objection concerned separate convictions under a "substantively different" legal theory from the arguments raised in the reply brief. We therefore review for plain error. *Ramirez-Flores*, 743 F.3d at 821.

## II.

A defendant convicted of a crime under 18 U.S.C. § 922(g) is subject to an enhanced sentence under the ACCA if he has at least three previous convictions for violent felonies or serious drug offenses. *See* 18 U.S.C. § 924(e)(1). A violent felony includes any crime punishable by imprisonment for a term exceeding one year that has an element of the use, attempted use, or threatened use of physical force against the person of another. *Id.* § 924(e)(2)(B). When a defendant has three or more predicate offenses, the district court must impose a mandatory minimum imprisonment sentence of at least fifteen years. *See United States v. Symington*, 781 F.3d 1308, 1313 (11th Cir. 2015).

In his reply brief, Cuyler presents three arguments for why his conviction for possessing a firearm during the commission of a crime is not a predicate offense. First, he argues that the district court did not consider the conviction when determining his armed career criminal status. Second, he contends that the government did not address the conviction at sentencing, leaving Cuyler without notice that it qualified as a predicate offense. And third, he argues that the government cannot now rely on the conviction

because it has not explained how the crime qualifies as a predicate offense under the elements clause of the ACCA. We will address each argument in turn.

## III.

Cuyler's first argument fails because the PSI included Cuyler's conviction for possessing a firearm during the commission of a crime as an ACCA predicate offense in its advisory guideline calculation, and the district court adopted the PSI's calculations and factual statements "without change." The PSI concluded that Cuyler "is considered to be an armed career criminal based on the convictions [of] . . . two counts of terroristic threats and possession of a firearm during the commission of a crime . . . burglary . . . [and] armed robbery." Accordingly, the PSI assigned an offense level of 33. At sentencing, the district court overruled Cuyler's objection to the inclusion of the two terroristic threat convictions as predicate offenses because our holding in *United States v. Oliver*, 962 F.3d 1311 (11th Cir. 2020) ("*Oliver III*") precluded that argument. When discussing the 18 U.S.C. § 3553(a) factors later during the hearing, the district court also mentioned Cuyler's convictions for burglary and armed robbery.

Cuyler asserts that the district court's failure to explicitly discuss the conviction for possession of a firearm during the commission of a crime during the sentencing hearing is somehow fatal to its inclusion as a predicate offense. But Cuyler cites no authority that requires the district court to affirmatively list every predicate offense on the record after the court adopted the PSI's guideline

calculation that lists those predicate offenses. Because the PSI clearly includes the prior conviction in its calculation and ACCA analysis, and the district court adopted that calculation without change, we conclude that the district court's failure to explicitly mention the conviction during the hearing is not fatal to its inclusion as a predicate offense.

Cuyler's second argument also fails because the PSI's guideline calculation put Cuyler on notice that the firearm possession conviction was included as an ACCA predicate offense, and the government was not required to affirmatively address each predicate offense at sentencing. Our holding in *Tribue v. United States* is instructive. 929 F.3d 1326 (11th Cir. 2019). The defendant in that case also argued "that the government effectively waived reliance on the use of any other prior convictions listed in the PSI." *Id.* at 1330. Unlike Cuyler's situation, however, the additional conviction in *Tribue* was not included in the PSI's ACCA analysis and calculation. *Id.* Nevertheless, we held that the government had not waived reliance on the use of other convictions outside the three identified as ACCA predicates in the PSI. *Id.* at 1332. We based our holding on three grounds, all of which apply here. First, the defendant never disputed the factual existence of the additional conviction. *Id.* Second, although Cuyler objected to his ACCA status, he did so on separate grounds unrelated to the additional conviction. *Id.* And third, the government need not "prospectively address whether each and every conviction listed in the criminal history section of a PSI is an ACCA predicate in order to guard against potential future changes in the law and avoid later claims that it has

23-10973            Opinion of the Court                    7

waived use of those convictions as qualifying ACCA predicates." *Id.*

Cuyler objected only to the inclusion of two of the five identified predicate offense convictions, leaving three qualifying convictions for the ACCA enhancement unchallenged. The government did not waive reliance on those three remaining convictions by not arguing, in response to Cuyler's objections to the convictions for terroristic threats, that he "had more qualifying convictions" that the district court could consider instead. *Id.* At sentencing, the government had no way of predicting that our holding in *Oliver III* could be affected by the Supreme Court's later decision in *Borden*, as Cuyler now argues. Indeed, during sentencing, Cuyler admitted that his objection to the inclusion of his convictions for terroristic threats was foreclosed by *Oliver III*.

In previous cases, we have concluded that the government waived reliance on prior convictions to support an enhanced ACCA sentence. But in those cases, the government relied on a separate offense for the first time on appeal that was not included as one of the PSI's three predicate offenses in its ACCA calculation. *See, e.g., Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1258 (11th Cir. 2013), *overruled on other grounds by McCarthan v. Dir. of Goodwill Indus. Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc); *United States v. Petite*, 703 F.3d 1290, 1292 n.2 (11th Cir. 2013). That is not this case. The PSI listed five predicate offenses, one of which was the possession of a firearm during the commission of a crime conviction. The government was not required to shore up

the district court's determination of Cuyler's ACCA status by affirmatively reiterating the PSI's guideline calculation. That is, the government was not required to argue at sentencing that the three remaining convictions constituted ACCA predicate offenses when the PSI concluded they did, Cuyler did not object to that conclusion, and the district court adopted the PSI's calculation without change.

Cuyler's third and final argument—that the government failed to explain how his conviction for possessing a firearm during the commission of a crime qualifies as as a predicate offense—is also unavailing. Because Cuyler failed to object to the PSI's inclusion of the conviction and the district court's subsequent adoption of the PSI, we review the ACCA determination for plain error. Under that standard of review, "where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003). Although he contends that his conviction for possessing a firearm during the commission of a crime does not constitute a predicate offense, Cuyler has cited no Supreme Court or Eleventh Circuit precedent holding that his conviction does not qualify as an ACCA predicate offense, nor are we aware of any decisions. *See United States v. Carter*, 704 F. App'x 808 (11th Cir. 2017) (citing *Lejarde-Rada*, 319 F.3d at 1291). Cuyler therefore fails to establish that the district court committed plain error.

## IV.

Accordingly, the district court is **AFFIRMED**.