[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 19-12335

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICKY DOUGLAS HAYNES, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket Nos. 6:07-cr-00054-JA-GJK-1,
6:07-cr-00073-JA-KRS-1

_____

Before WILLIAM PRYOR, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Ricky Douglas Haynes, Jr. appeals his sentence of 240 months of imprisonment imposed when he was resentenced a second time for three counts of possessing cocaine base with intent to distribute, 21 U.S.C. § 841(a)(l), one count of using and carrying a firearm during a drug-trafficking crime, 18 U.S.C. § 924(c)(l)(A), and one count of possessing a firearm and ammunition as a felon, *id.* § 922(g)(l). *See* 28 U.S.C. § 2255. We granted Haynes a certificate of appealability to address whether he was entitled to relief under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, but Haynes has abandoned that issue as "resolved" by the district court granting him relief under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). Haynes argues that the district court erred by resentencing him pursuant to the Armed Career Criminal Act and that the Act is unconstitutional. *See* 18 U.S.C. § 924(e). Haynes also argues that the district court erred by counting as a predicate offense his prior conviction in Florida for resisting an officer with violence, *see id.* § 924(e)(2)(B), and by treating as temporally distinct his convictions in 2001 for federal drug crimes that were charged in a single indictment. We affirm.

## I. BACKGROUND

In 2007, Haynes pleaded guilty simultaneously to two indictments that collectively charged him with five crimes. He admitted, in case 07-54, to committing two firearm offenses, 18 U.S.C. §§ 922(g)(1), 924(c)(l)(A), and one drug offense, 21 U.S.C. § 841(a)(l), and in case 07-73, he admitted to committing two similar drug offenses, 21 U.S.C. § 841(a)(1). Haynes's indictment in case 07-54 alleged that he had prior convictions in a Florida court in 1996 for resisting arrest with violence and for possession of cocaine, in 1998 for possession of cocaine, and in 2002 for possessing a firearm as a felon and for carrying a concealed firearm, and in the district court in 2001 for possessing cocaine base with intent to distribute. The United States notified Haynes that he faced enhancement of his sentence, and records attached to the notice evidenced that he had been convicted in 2001 of possessing cocaine base with intent to distribute on February 24, 2000, and on March 9, 2000.

Haynes's presentence investigation report classified him as an armed career criminal and a career offender. The presentence report identified as predicate offenses Haynes's prior convictions in 1996 for resisting arrest with violence, in 2002 for carrying a concealed firearm, and in 2001 for possessing cocaine base with intent to distribute. The criminal history section of Haynes's report described his numerous prior convictions, including those in 1994 for resisting arrest with violence, in 1995 for possession of cocaine, in 1997 for possession of cocaine, in 1999 for possession of a firearm by a felon and for possession of cocaine with intent to distribute,

and in 2000 for three counts of possessing cocaine base with intent to distribute. Those prior convictions produced 12 criminal history points, and with two points added because Haynes committed his instant offenses less than two years after his release from custody, U.S.S.G. § 4A1.1(e), he received a criminal history category of VI.

Haynes objected, unsuccessfully, to his classification as an armed career criminal on the ground that his prior convictions for resisting arrest and carrying a concealed firearm did not qualify as violent felonies. But Haynes did not object to the existence of the prior convictions listed in the report or to his classification as a career offender. Haynes "ask[ed] for a much lower sentence than what the guideline . . . recommend[ed] in [his] case," but the prosecutor "ask[ed] the [district] court to certainly sentence following the guidelines." The prosecutor stressed that "[n]ot only is Mr. Haynes an armed career criminal, he's a career offender as well, the very example of what these categorizations and enhancements were designed for." And the prosecutor reminded the district court that it was "well aware [of] and . . . familiar with Mr. Haynes" because his "last case . . . was in front of Your Honor" and that Haynes's "criminal history" was "riddled with [prior convictions, including] resisting arrest with violence, possession of cocaine, possession with intent, . . . [and] possession of firearm by a convicted felon already in 1999."

The district court sentenced Haynes using the higher penalty that the Sentencing Guidelines yielded. *See id.* § 4B1.1. The district court sentenced Haynes in case 07-54 to three concurrent

terms of 322 months of imprisonment, and in case 07-73, to two terms of 322 months of imprisonment to run concurrently with each other and with the sentence in case 07-54. We affirmed his convictions and sentences after an independent review of the record revealed no issues of merit, *see Anders v. California*, 386 U.S. 738 (1967). *United States v. Haynes*, 297 F. App'x 856 (11th Cir. 2008).

In 2012, Haynes moved successfully to vacate his sentence in case 07-54 for being a felon in possession of a firearm. *See* 28 U.S.C. § 2254. Haynes argued, and the United States agreed, that his sentence of 322 months for being a felon in possession exceeded his maximum statutory penalty of 120 months. *See* 18 U.S.C. § 924(c)(1)(A)(i). Haynes also argued that, because his prior conviction for carrying a concealed firearm no longer qualified as a violent felony, *see United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008), he was not an armed career criminal. But the United States responded that, although carrying a concealed firearm was no longer a predicate offense, Haynes was not entitled to relief on that basis because he had been sentenced, and still qualified, as a career offender. The district court ruled that Haynes had not been sentenced as an armed career criminal and that he was entitled to have his sentence for being a felon in possession vacated on the ground his sentence exceeded the statutory maximum.

At resentencing, the district court acquiesced to defense counsel's request to "restructure" Haynes's sentence in case 07-54. During the hearing, the district court, probation officer, and

prosecutor discussed the appropriate sentence for Haynes, as a career offender, for possessing a firearm as a felon:

> PROBATION OFFICER: If [Haynes] is not an armed career criminal, then we agree that the maximum is 120 months. I was under the impression that he was an armed career criminal, so that's why the maximum was 15 to life.
>
> So as long as the Court is under the understanding that he's not, then the 120 is correct.
>
> THE COURT: Right.
>
> PROBATION OFFICER: Okay.
>
> THE COURT: Because the qualifying offense, I think, was carrying a concealed—was it carrying a concealed firearm, or was it—
>
> PROBATION OFFICER: Carrying a concealed weapon.
>
> THE COURT: And I think that that is not a qualifying offense.
>
> PROBATION OFFICER: Okay.
>
> THE COURT: Do you agree, Miss Wilson?
>
> MS. WILSON: Yes.

The district court sentenced Haynes to 262 months for possessing cocaine base with intent to distribute, 21 U.S.C. § 841(a)(l), and a concurrent term of 120 months for possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), with a consecutive term of 60 months for

using and carrying a firearm during his drug trafficking, *id.* § 924(c)(l)(A).

In 2015, Haynes filed the motion to vacate that is the subject of this appeal. *See* 28 U.S.C. § 2255. Haynes argued to vacate his sentences in cases 07-54 and 07-73 because his counsel at resentencing in 2012 should have prevented two errors. Haynes argued that he had been misclassified as a career offender because his conviction in 1996 for resisting arrest was too old to count as a predicate offense and that his criminal history category had been miscalculated because his conviction for resisting arrest and his conviction in 1995 for possessing cocaine were too old to include in his criminal history score. The United States argued that Haynes had procedurally defaulted his challenges to his sentence by failing to raise them at trial, on appeal, or in his first motion to vacate. The United States also argued that counsel had not been ineffective at resentencing because he had been appointed for the limited purpose of contesting Haynes's sentence in 07-54 and because any objection to the career offender enhancement would have been untimely and procedurally barred.

The district court held a hearing on Haynes's motion. The district court acknowledged "the importance of finality," but it was troubled that "mistakes ha[d] been made" and proposed "just resentencing from scratch." The United States asserted that it had "made a mistake" by agreeing that Haynes was not an armed career criminal because he had been convicted in 2001 of "two separate incidents" of possessing cocaine base with intent to distribute,

which with his conviction for "resisting [arrest] with violence, would make him an armed career criminal."

The district court granted Haynes's motion to vacate. 28 U.S.C. § 2255. The district court ruled that counsel at resentencing had performed deficiently for not opposing Haynes's classification as a career offender and not opposing the use of two stale convictions that resulted in him having 14 instead of 9 criminal history points and a criminal history score of VI instead of IV. The district court stated that, "under the sentencing package doctrine, [it] had—or upon proper motion could have had—jurisdiction to resentence Mr. Haynes" in both cases. After explaining that it "would not have resentenced Mr. Haynes to 322 months in prison absent the career offender enhancement," the district court vacated Haynes's sentences in cases 07-54 and 07-73 to resentence him "with the benefit of correctly calculated guidelines." The district court ordered the probation office to prepare a new presentence investigation report.

The new presentence report classified Haynes as an armed career criminal, and he objected. *See* 18 U.S.C. § 924(e). The report listed as predicate offenses Haynes's convictions in 1996 for resisting arrest with violence and in 2001 for two counts of possessing cocaine base with intent to distribute. Haynes argued that he was not an armed career criminal for four reasons: the United States had waived application of the Armed Career Criminal Act; his prior conviction for resisting arrest with violence did not qualify as a violent felony; the United States could not prove his two drug crimes

were temporally distinct; and enhancing his sentence based on prior convictions not charged in his indictment or proved to a jury would violate his rights under the Fifth and Sixth Amendments to the Constitution.

The United States argued that the Armed Career Criminal Act was mandatory and that precedent did not bar resentencing with "a clean slate, an opportunity to correct errors that have been made in this case," and "an opportunity . . . and . . . obligation to get it right." The United States also asserted that Haynes's indictment and plea agreement evidenced that there were "two controlled purchases of crack cocaine that happened at two different locations on those two different dates: February 24, 2000, and March 9, 2000."

The district court overruled Haynes's objections. The district court ruled that the United States had proved that Haynes's two prior drug convictions were temporally distinct using valid *Shepard* documents, *see Shepard v. United States*, 544 U.S. 13, 16 (2005), and that controlling precedent made clear that resisting arrest with violence was categorically a violent felony, *United States v. Hill*, 799 F.3d 1318, 1322 (11th Cir. 2015); *United States v. Romo–Villalobos*, 674 F.3d 1246, 1251 (11th Cir. 2012). The district court also ruled that "the plain language in the [Armed Career Criminal Act] . . . ma[de] it clear that imposition of [an] enhanced sentence is required, . . . regardless of whether the Government seeks enhancement . . . ." And the district court rejected Haynes's arguments that it could not make findings regarding the nature of his

prior convictions and that "the different occasions provision is void for vagueness."

The district court adopted, with no objection from Haynes, the factual statements and calculations in the presentence report. After considering the statutory sentencing factors, 18 U.S.C. § 3553, the district court sentenced Haynes to 240 months of imprisonment. In case 07-54, the district court imposed concurrent sentences of 180 months of imprisonment for possessing cocaine base with intent to distribute, 21 U.S.C. § 841(a)(l), and for being a felon in possession of a firearm and ammunition, 18 U.S.C. § 922(g)(1), and a consecutive term of 60 months of imprisonment for carrying a firearm during his drug-trafficking crime, *id.* § 924(c)(l)(A). In case 07-73, the district court imposed sentences of 120 months of imprisonment for Haynes's two drug crimes and ordered that those sentences run concurrent with each other and with his 180-month sentences in case 07-54.

## II. STANDARD OF REVIEW

We review *de novo* the classification of a defendant as an armed career criminal and the validity of the Armed Career Criminal Act. *United States v. Deshazior*, 882 F.3d 1352, 1354 (11th Cir. 2018).

## III. DISCUSSION

Haynes maintains that he was erroneously sentenced as an armed career criminal. He argues that the United States waived application of the Armed Career Criminal Act and that the Act is

invalid. Hayes also argues that the prior convictions used to enhance his sentence did not qualify as predicate offenses.

The United States did not waive application of the Act to Haynes. "[A] waiver is the intentional relinquishment of a known right . . . ." *United States v. Lewis*, 492 F.3d 1219, 1222 (11th Cir. 2007) (en banc) (citing *United States v. Olano*, 507 U.S. 725, 733 (1993)). Nothing the United States said during Haynes's sentencing proceedings could be construed as intentionally relinquishing the right to sentence him as an armed career criminal. At sentencing, the United States highlighted that Haynes, as stated in his presentence investigation report, was "an armed career criminal . . . [and] a career offender" based on his numerous prior convictions that qualified as predicate offenses to enhance Haynes's sentence under the Act and the Sentencing Guidelines. As we have explained, "there is no requirement that the government prospectively address . . . each and every . . . [aspect] of a PSI . . . in order to guard against potential future changes in the law and [to] avoid later claims . . . [of] waive[r] . . . ." *See Tribue v. United States*, 929 F.3d at 1326, 1332 (11th Cir. 2019) (holding that the government did not waive reliance on convictions listed in the presentence investigation report that were not identified as predicate offenses). The prosecutor also did not waive application of the Act by agreeing in Haynes's first 2255 proceeding that his prior conviction for carrying a concealed weapon no longer qualified as a crime of violence and that, as a career offender, he had a statutory maximum penalty of 10 years of imprisonment for possessing a firearm as a felon.

The district court did not err by applying the Act to Haynes. The district court, at Haynes's request and to remedy earlier sentencing errors, vacated his sentences in both cases. That "general vacatur of [Haynes's] sentence[s] by default allow[ed] for resentencing *de novo.*" *United States v. Martinez*, 606 F.3d 1303, 1304 (11th Cir. 2010). At that *de novo* resentencing, so long as Haynes had three or more prior convictions for "a violent felony or a serious drug offense, or both," 18 U.S.C. § 924(e)(1), the "sentence enhancement pursuant to § 924(e) . . . [had to] automatically be applied by the [district] court[]," *United States v.* Cobia, 41 F.3d 1473, 1475 (11th Cir 1995). *See United States v. Sharp*, 21 F.4th 1282, 1285 (11th Cir. 2021); *United States v. Symington*, 781 F.3d 1308, 1313 (11th Cir. 2015) ("hold[ing] that the district court did not err in sentencing Symington in accordance with the ACCA because the ACCA is mandatory").

Haynes's two constitutional challenges to the Act fail. Haynes argues that the "different occasions" provision is void for vagueness. But "a penal statute . . . satisf[ies] due process . . . [if it] define[s] the criminal offense [1] with sufficient definiteness that ordinary people can understand what conduct is prohibited and [2] in a manner that does not encourage arbitrary and discriminatory enforcement." *Skilling v. United States*, 561 U.S. 358, 402–03 (2010). A defendant can readily "identify an 'occasion' . . . [g]iven that the term in ACCA has just its ordinary meaning," *Wooden v. United States*, 142 S. Ct. 1063, 1071 (2022), that offenses occur at different times and involve "separate and distinct criminal episodes," *United*

*States v. Dudley*, 5 F.4th 1249, 1259 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 1376 (2022) (quoting *United States v. Sneed*, 600 F.3d 1326, 1329 (11th Cir. 2010)) (alteration adopted). So, a defendant using "a single factor—especially of time or place—can decisively differentiate occasions." *Wooden*, 142 S. Ct. at 1071. And Haynes's "argument that judicially determining whether prior convictions were committed on different occasions from one another for purposes of the ACCA violates a defendant's Fifth and Sixth Amendment rights" is foreclosed by our precedents. *Dudley*, 5 F.4th at 1260 (citing *United States v. Longoria*, 874 F.3d 1278 (11th Cir. 2017), *United States v. Weeks*, 711 F.3d 1255 (11th Cir. 2013), and *United States v. Overstreet*, 713 F.3d 627 (11th Cir. 2013)).

Haynes's argument that his prior conviction for resisting arrest is not a violent felony is foreclosed by precedent too. We recently reaffirmed in *Deshazior*, 882 F.3d at 1355, that a conviction in Florida for resisting arrest with violence, Fla. Stat. § 843.01, is categorically a violent felony under the elements clause of the Act. *See United States v. Hill*, 799 F.3d 1318, 1322–23 (11th Cir. 2015); *United States v. Romo–Villalobos*, 674 F.3d 1246, 1251 (11th Cir. 2012). That precedent is "binding in this circuit unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting *en banc*." *Deshazior*, 882 F.3d at 1355.

The district court also did not err in determining that Haynes's two convictions in 2001 for possessing cocaine base with intent to distribute, 21 U.S.C. § 841(b)(1)(C), were temporally

distinct. To determine whether Haynes's "prior convictions were committed on different occasions from one another, [the] district court [could] rely on 'non-elemental facts' contained in . . . *Shepard*-approved sources." *Dudley*, 5 F.4th at 1260. "*Shepard* documents may include the charging document, any plea agreement submitted to the court, the transcript of the plea colloquy, or any 'record of comparable findings of fact adopted by the defendant upon entering the plea.'" *United States v. Gandy*, 917 F.3d 1333, 1339 (11th Cir. 2019) (quoting *Shepard*, 544 U.S. at 20–21, 26). Haynes's indictment and the written judgment stated that he committed the drug offenses "on or about February 24, 2000," and "on or about March 9, 2000." Those records proved that Haynes's two drug offenses were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

## IV. CONCLUSION

We **AFFIRM** Haynes's sentence.