[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-14338

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ORTAZ SHARP,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cr-00450-LMM-1

_____

Before ROSENBAUM, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Ortaz Sharp appeals his fifteen-year prison sentence for possession of a firearm as a convicted felon. He contends that the district court erred in imposing the enhanced minimum penalty under the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e)(1). In particular, he asserts that his prior Georgia convictions for terroristic threats and burglary are not "violent felonies" for purposes of the ACCA. After careful review, we affirm Sharp's sentence.

## I.

In 2020, Sharp pled guilty to possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Sharp's presentence investigation report ("PSR") recommended that he qualified for an enhanced minimum sentence under the ACCA. *See* 18 U.S.C. § 924(e)(1). The PSR cited three prior Georgia convictions as predicate offenses: robbery by force, burglary, and aggravated battery. The PSR also noted that Sharp had a Georgia conviction for making terroristic threats.

The district court found that Sharp's robbery conviction did not qualify as a predicate offense and that, as a result, he lacked the three qualifying offenses necessary to trigger the ACCA's enhanced minimum penalty of fifteen years. The court sentenced Sharp to 110 months' imprisonment.

At the time of Sharp's sentencing, our precedent held that a conviction under Georgia's terroristic threats statute, O.C.G.A. § 16-11-37 (2010), was "indivisible," and that the least culpable conduct made unlawful by the statute did not qualify as an ACCA predicate offense. *United States v. Oliver ("Oliver II")*, 955 F.3d 887, 896–97 (11th Cir. 2020). Ten days after sentencing, though, we vacated *Oliver II* and, in its place, issued a new opinion holding that the statute was in fact "divisible," and that a portion of the statute qualified as a predicate crime under the ACCA. *United States v. Oliver ("Oliver III")*, 962 F.3d 1311, 1321 (11th Cir. 2020).

The government appealed Sharp's sentence, and we vacated and remanded for resentencing in light of *Oliver III*. *United States v. Sharp*, 21 F.4th 1282 (11th Cir. 2021). We rejected Sharp's argument that the government had waived reliance on the terroristic-threats conviction for purposes of the ACCA. *Id.* at 1286–87. And we remanded with instructions for the court to "review evidence" and "make factual findings about Sharp's conviction under Georgia's terroristic threats statute, and whether this conviction qualifies as an ACCA predicate." *Id.* at 1287–88.

On remand, the district court, after reviewing underlying state-court records, concluded that Sharp's terroristic-threats conviction qualified as an ACCA predicate "violent felony." Citing *Oliver III*, the court explained that the statute was divisible and that a person could be found guilty of making terroristic threats either "with the purpose of terrorizing another," which would qualify as a predicate offense, or with "reckless disregard of the risk of causing

such terror," which would not. *See United States v. Gary*, 74 F.4th 1332, 1335 (11th Cir. 2023) ("In *Borden v. United States*, [141 S. Ct. 1817 (2021)], the Supreme Court held that a criminal offense that requires only a mens rea of recklessness cannot qualify as a 'violent felony' under the ACCA."). Based on its review of the indictment and plea colloquy, and notwithstanding Sharp's *Alford* plea[1], the court found that Sharp had been charged and convicted under the "purposeful," rather than "reckless," prong of the statute. The court therefore concluded that the terroristic-threats conviction was a violent felony, and that, as a result, Sharp had three violent felonies under the ACCA.

The district court sentenced Sharp to 180 months' imprisonment, the minimum sentence mandated by the ACCA, *see* 18 U.S.C. § 924(e)(1). Sharp now appeals.

## II.

We review *de novo* whether a defendant's prior conviction qualifies as a predicate offense under the ACCA. *United States v. Deshazior*, 882 F.3d 1352, 1354 (11th Cir. 2018). We review any underlying factual findings for clear error. *See United States v. Diaz-Calderone*, 716 F.3d 1345, 1348 (11th Cir. 2013).

---

[1] "An *Alford* plea is a guilty plea where the defendant maintains a claim of innocence to the underlying criminal conduct charged but admits that sufficient evidence exists to convict him of the offense." *United States v. Ramirez-Gonzalez*, 755 F.3d 1267, 1273 (11th Cir. 2014).

Under the ACCA, if a defendant violates § 922(g) and has at least three prior convictions for a "violent felony" or a "serious drug offense" committed on separate occasions, the mandatory minimum sentence is fifteen years' imprisonment.   18 U.S.C. § 924(e)(1).  A "violent felony" must "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another," or be equivalent to the generic version of certain enumerated crimes, including "burglary."  *Id.* § 924(e)(2)(B)(i), (ii).

To determine whether a prior conviction qualifies as a violent felony, we use a "categorical approach," looking "only to the statutory definitions of the prior offenses rather than the underlying facts of the prior conviction."  *Gary*, 74 F.4th at 1334 (quotation marks omitted).  "[W]e must presume that the conviction rested upon the least of the acts criminalized by the statute."  *Oliver III*, 962 F.3d at 1316.  If this least culpable conduct does not necessarily involve "the use, attempted use, or threatened use of physical force," the statute does not categorically qualify as an ACCA predicate offense.  *Id.*  Where a statute is "divisible"—that is, where it sets out one or more elements, rather than means, in the alternative—we may go a step further and consult a "limited class of documents, including the indictment, jury instructions, or plea agreement and colloquy," to determine which of the multiple, alternative crimes the defendant was convicted of committing. *Id.* at 1317.

## A.

Sharp first challenges the district court's classification of his terroristic-threats conviction as a violent felony.  In *Oliver III*, we

held that Georgia's terroristic-threats statute, § 16-11-37(a) (2010), was divisible, "contain[ing] a list of divisible elements in the form of alternative threats, each one of which constitutes a separate crime." 962 F.3d at 1320. And we concluded, based on the indictment, that the defendant had been convicted "under the divisible portion of § 16-11-37(a) that criminalizes a threat[] to commit any crime of violence . . . with the purpose of terrorizing another." *Id.* We held that a conviction under this portion of § 16-11-37(a) had as an element the threatened use of physical force and therefore qualified as a violent felony under the ACCA. *See id.* at 1320–21.

Sharp was convicted under the same version of the terroristic-threats statute at issue in *Oliver III*. And like the defendant in *Oliver III*, Sharp pled guilty to an indictment charging him with "threaten[ing] to commit a crime of violence . . . with the purpose of terrorizing" another person. That offense, according to *Oliver III*, is a violent felony. *See id.*

Sharp argues based on the plea colloquy that he nevertheless "may have possessed a mens rea of recklessness." *See Gary*, 74 F.4th at 1335 ("[A] criminal offense that requires only a mens rea of recklessness cannot qualify as a 'violent felony' under the ACCA."). But our inquiry looks "only to the statutory definitions of the prior offenses rather than the underlying facts of the prior conviction." *Id.* at 1334. And here, as in *Oliver III*, the record indicates that Sharp was convicted "under the divisible portion of § 16-11-37(a) that criminalizes a threat[] to commit any crime of violence . . . with the

purpose of terrorizing another," not with "reckless disregard." *Oliver III*, 962 F.3d at 1319–20.

In short, in light of *Oliver III*, the district court correctly found that Sharp's terroristic-threats conviction qualified as an ACCA predicate.[2]

**B.**

Next, Sharp contends that his Georgia burglary conviction does not qualify as a violent felony because it is broader than the generic federal definition of burglary in two ways: the location element and the unlawful-entry element. The government argues, and we agree, that our decision in *United States v. Gundy*, 842 F.3d 1156 (11th Cir. 2016), forecloses Sharp's argument.

In *Gundy*, we examined the Georgia burglary statute under which Sharp was convicted. *See id.* at 1159. We held that the statute was divisible. *Id.* at 1167. And after reviewing the record, we concluded that the defendant's "burglary convictions involved these three elements: (1) an unlawful entry (2) into a dwelling house or building (3) with intent to commit a crime therein." *Id.* at 1169. We held that "[t]hese elements substantially conform to the generic definition of burglary." *Id.* Accordingly, we concluded that the defendant's burglary convictions qualified as violent

---

[2] Sharp's invocation of the rule of lenity is misplaced because there is "no ambiguity for the rule of lenity to resolve." *Shular v. United States*, 589 U.S. __, 140 S. Ct. 779, 787 (2020).

felonies under the ACCA's enumerated crimes clause.  *Id.*; *see* 18 U.S.C. § 924(e)(2)(b)(ii).

Sharp acknowledges that *Gundy* is binding, even if wrongly decided, but he maintains that it does not foreclose his argument that the unlawful-entry element is overbroad, since that element was not addressed in the opinion.  As Sharp notes, though, "Gundy himself raised this very objection to the Georgia burglary statute" in his briefing on appeal.  And "we have categorically rejected an overlooked reason or argument exception to the prior-panel-precedent rule."  *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015) ("[U]nder this Court's prior-panel-precedent rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*.").  Thus, *Gundy* bars Sharp's challenge to the classification of his burglary conviction as a violent felony.

### III.

For these reasons, Sharp has not shown that the district court erred in sentencing him as an armed career criminal under the ACCA.  *See* 18 U.S.C. § 924(e)(1).

**AFFIRMED.**